# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

In re:

Hiawatha Manor Association, Inc.,

Debtor.

Chapter 11

Case No. 25-01916

Judge Randal S. Mashburn

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: June 6, 2025
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: June 24, 2025 at
9:30 AM CT in Courtroom 1, 701 Broadway, Nashville, TN 37203
(Virtual Hearing if allowed; See website for details)**

## OBJECTION TO DEBTOR'S MOTION TO EMPLOY REALTOR

Comes now Linda Simmons, formerly known as Linda Lindstrom, the Defendant's legal name at the time of property acquisition, appearing pro se in this matter as a Defendant and co-owner of property interests affected by the above-captioned bankruptcy case, and respectfully submits this Objection to the Debtor's Motion to Employ Realtor, and in support thereof states as follows:

## INTRODUCTION

1.      Debtor seeks court approval to employ a commercial realtor to market and offer for sale:

> The 47-unit development known as Hiawatha Manor Resort, located at 8005 Cherokee Trail, Crossville, TN 37863 and
>
> The 70-unit development known as Hiawatha Manor West at Lake Tansi Village, located at 8007 Cherokee Trail, Crossville, TN 37863.

1

2. These properties are subject to joint ownership by hundreds of non-debtor timeshare co-owners, including this Defendant.

3. The Motion is premature, unsupported by governing authority, and substantively deficient for the reasons outlined below.

## GROUNDS FOR OBJECTION

**A Realtor Cannot Be Employed Until Termination and Sale Are Lawfully Authorized**

4. At a recorded meeting on February 20, 2025, Ms. Kate Koeppen, on behalf of Lemonjuice Solutions, made this statement which admitted that a realtor could not be employed until the timeshare regime was officially terminated and approved by the Court for sale:

> "We have not contracted with an auction company or a realtor yet because we have to be officially terminated and approved by the Court for sale to be able to do so."

5. Until relief is granted under 11 U.S.C. § 363(h), the Debtor has no authority to sell co-owners' interests. Authorizing a realtor at this stage presupposes a court ruling that has not yet occurred and risks procedural confusion and prejudice to the rights of co-owners.

**No Board Approval Has Been Obtained**

6. During the same recorded meeting, the Debtor's agent stated that Board approval would be secured before engaging a realtor:

> "Dr. Robert Schreiber (Board Member of Hiawatha East): "Are we going to approve that eventually at some point?

2

Ms. Kate Koeppen (Lemonjuice Representative): Yes. The Board will approve it at that point in time. We'll come to you with their contract terms and make sure that you're okay with their contract terms. They'll also do a formal appraisal of the property, and we'll make sure that the Board agrees with their appraisal and what their reserve price is and so on."

7. As of the date of this filing, there is no evidence that the Boards of Hiawatha Manor East or West have reviewed or approved any realtor engagement.

8. This omission contradicts the Debtor's representations made to co-owners during that February 20, 2025 meeting and undermines the transparency and governance of the process.

9. Additionally, at the June 3, 2025 Meeting of Creditors, representatives of Lemonjuice Solutions confirmed that no formal or informal appraisals have yet been conducted.

**The Realtor Was Not Chosen Through A Competitive Process**

10. The motion reveals that a realtor was chosen absent any competitive bidding or objective vetting process.

**The Debtor Is Not A Neutral Party**

11. The Debtor has a history of recordkeeping failures, including inaccuracies in ownership, financial, and title records, which contributed to the current bankruptcy.

3

12.    The Debtor's relationship with Lemonjuice Solutions, whose role is undefined and whose interests may conflict with those of the estate and co-owners, renders it unsuitable to oversee the sale process.

13.    The Debtor's interest in a bulk sale that extinguishes or devalues co-owners' property rights creates a direct conflict with the fiduciary obligations required in this context.

**The Motion Does Not Comply with the Federal Rules of Bankruptcy Procedure**

14.    Federal Rule of Bankruptcy Procedure 2014 requires that any application to employ a professional such as a realtor or auctioneer be made by the trustee or creditors' committee.

15.    Federal Rule of Bankruptcy Procedure 6005 mandates that any court order approving such employment must set the amount or rate of compensation, which the Motion fails to do.

16.    The Debtor is not a proper party to move for this relief, and the Motion is procedurally defective under both rules.

## RELIEF REQUESTED

WHEREFORE, for the reasons states herein, the Defendant respectfully requests that the Court:

17.    Deny the Debtor's Motion to Employ Realtor unless and until:

Timeshare interests are fully terminated;

Relief under 11 U.S.C. § 363(h) is granted;

A neutral Chapter 11 Trustee is appointed to oversee all aspects of the sale process.

4

18. Alternatively, if the Court considers granting the motion:

Any Order must expressly prohibit the Debtor from directing or supervising the realtor;

Oversight and control must rest with a neutral fiduciary, such as a Chapter 11 Trustee or court-appointed agent;

Realtor selection must be subject to competitive review, with input from co-owners and both Boards of Directors.

19. Grant such other and further relief as the Court deems just and proper.

## NOTICE

20. The Defendant has provided notice of this Motion either by electronic mail, facsimile, or United States First Class mail to: (i) the Office of the United States Trustee for the Middle District of Tennessee; and (ii) all parties entitled to notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested herein; the Defendant submits that no other or further notice is required.

Respectfully submitted,

Defendant Linda (Lindstrom) Simmons, pro se, hereby submits this Objection to Debtor's Motion to Employ Realtor.

Dated: June 4, 2025

_/s/ Linda (Lindstrom) Simmons_
Linda (Lindstrom) Simmons, Pro Se
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866
Email: lindasimmons2866@gmail.com

5