# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc. | Case No. 25-01916 |
| Debtor. | Judge Randal S. Mashburn |

**DEBTOR'S RESPONSE TO OBJECTION TO DEBTOR'S MOTION TO EMPLOY REALTOR**

Hiawatha Manor Association, Inc., as debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case (the "***Chapter 11 Case***"), by and through its undersigned proposed counsel, files this response to the *Objection to Debtor's Motion to Employ Realtor* (Dkt. No. 31) (the "***Objection***"). In opposition to the Objection and in further support of the Debtor's request to employ Commercial Real Estate Exchange, Inc. ("***Crexi***"), the Debtor respectfully states as follows:

## BACKGROUND

1. On May 6, 2025 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***"), commencing the Chapter 11 Case.

2. The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee, examiner or official committee has been appointed in this Chapter 11 Case.

4. Detailed information addressing the Debtor's business, its finances and the circumstances leading to the filing of this Chapter 11 Case is contained in the *Debtor's Motion for Entry of an Order Authorizing the Maintenance and Continued Use of Existing Bank Accounts and*

*Declaration of Archie Dolby in Support of Debtor's Motion for an Entry of an Order Authorizing the Maintenance and Continued Use of Existing Bank Accounts* (Dkt. No. 9) (the "**Cash Management Motion**"), which is fully incorporated here by reference.

5. On May 6, 2025, the Debtor caused to be filed the *Complaint to Sell Estate's Interest and Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h) (Hiawatha East)*, commencing an adversary proceeding docketed as case number 2:25-ap-90051 (the "**Hiawatha East Adversary Proceeding**").

6. On May 6, 2025, the Debtor also caused to be filed the *Complaint to Sell Estate's Interest and Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h) (Hiawatha West)*, commencing an adversary proceeding docketed as case number 2:25-ap-90052 (the "**Hiawatha West Adversary Proceeding**" and together with the Hiawatha East Adversary Proceeding, the "**363(h) Proceedings**").

7. Consistent with the stated purposes of this chapter 11 bankruptcy proceeding, pursuant to the 363(h) Proceedings, the Debtor seeks authority pursuant to section 363(h) of the Bankruptcy Code to sell its interests along with the interests of non-debtor persons in each of Hiawatha East and Hiawatha West.

8. Importantly, neither of the 363(h) Proceedings seeks approval of any particular sale.

9. Indeed, until this Court approves retention of the professionals necessary to conduct an appropriate sale process, no such sale or sales can be put before this Court for approval and consummation.

10. To that end, on May 12, 2025, the Debtor caused to be filed the *Motion to Employ Realtor* (Dkt. No. 14) (the "***Motion***"),[1] seeking to employ Crexi as a commercial real estate broker and auctioneer.

11. By the Motion, the Debtor is requesting authority from this Court to take the first step among several steps in the process of being able to achieve the stated goals of this chapter 11 case and goals that the objecting party says they do not oppose—to sell each of Hiawatha East and Hiawatha West with distributions being made to owners in each.

12. While purporting to not oppose a sale process, Ms. Simmons filed the Objection on the grounds that: (a) a realtor cannot be employed until termination and sale are lawfully authorized; (b) board approval for retaining Crexi has not been obtained; (c) Crexi was not chosen through a competitive process; (d) the Debtor is not a neutral party; and (e) the application to employ Crexi does not comply with the Federal Rules of Bankruptcy Procedure.

13. For the reasons set forth in this response, the Objection should be overruled and the application to employ Crexi should be approved.

### I. Crexi may be engaged at this stage of the Chapter 11 Case.

14. Ms. Simmons states without statutory or evidentiary support that Crexi cannot be employed until the Debtor has authority to sell co-owners' interests, because doing so will risk unstated procedural confusion and prejudice in unasserted ways the rights of co-owners.

15. The Debtor is a fiduciary of the Debtor's estate and, therefore, tasked with preserving the Debtor's estate and maximizing recoveries for creditors and other parties in interest.

---

[1] Capitalized terms used in this response and not otherwise defined shall have the meanings ascribed to them in the Motion.

16. Consistent with the Debtor's fiduciary duties, rather than staging out each subsequent step in this case while the Debtor continues to operate at a loss, the Debtor is seeking Crexi's retention now to enable the marketing process to begin simultaneously with the Debtor's seeking of authority pursuant to section 363(h) of the Bankruptcy Code to sell its interests along with the interests of co-owners.

17. The Debtor has determined in its business judgment that running these processes concurrently preserves assets and maximizes recovery for creditors and other parties in interest, consistent with the Debtor's fiduciary obligations.

18. The Debtor does not believe retention of Crexi will cause procedural confusion, particularly given the notice provided to owners in each of the 363(h) Proceedings and requirement that the Debtor ultimately seek approval from this Court of any sale(s) of the Properties.

19. Indeed, in other similar cases, the marketing process has occurred prior to approval of a sale of co-owners' interests pursuant to section 363(h) of the Bankruptcy Code, and the sale process has run concurrently with seeking relief pursuant to section 363(h) of the Bankruptcy Code in an adversary proceeding.[2]

20. Similarly, the Debtor is unaware of any prejudice the retention of Crexi will have on the rights of co-owners, and Ms. Simmons has not articulated any such prejudice.

---

[2] *See, e.g.*, Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order (I) Approving the Form of Sales Agreement, (II) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (III) Approving the Assumption and Assignment of an Executory Contract, and (IV) Authorizing the Debtor to Pay the Brokerage Fee, Restructuring Fee, and Other De Minimis Amounts Incidental to the Sale of the Property, at 2, *In re Pinecrest Pigeon Forge HOA, Inc.*, No. 21-03759 (Bankr. M.D. Tenn. Dec. 10, 2021) (noting the debtor has simultaneously filed the adversary proceeding pursuant to section 363(h) of the Bankruptcy Code).

21. For these reasons, the Debtor believes its business judgment in determining to retain Crexi at this juncture is sound, is in the best interests of the estate, creditors, and other parties in interest, and should be approved.

**II.     Board approval has been obtained to retain Crexi.**

22. Contrary to the assertions by Ms. Simmons, the retention of Crexi has been authorized by the Debtor's board. (*See* Dkt. No. 1.)

23. The Written Consent of the Board of Directors of Hiawatha Manor Association, Inc. provides, among other things:

> [T]he Board has reviewed and considered certain materials presented by the management of the Association and the Association's financial and legal advisors, including, but not limited to, materials regarding the liabilities and obligations of the Association, its liquidity, strategic alternatives available to it, especially to operate as a whole condominium HOA, termination of the timeshare regime, ***the need to sell the timeshare property as whole condominium property,*** and the effect of the foregoing on the Association's business and financial condition[.]
>
> ***
>
> [T]hat any Proper Officer be, and hereby is, authorized and directed to employ any other professionals necessary to assist the Association in carrying out its duties under the Bankruptcy Code; and in connection therewith, any Proper Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon filing of the Chapter 11 Case and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper[.]

(Dkt. No. 1, at 6–7.)

24. This bankruptcy case was commenced with the stated purpose of obtaining authority to sell the Properties, marketing the Properties, consummating a sale of the Properties, and distributing the proceeds of such sale according to applicable law.

5

Case 2:25-bk-01916   Doc 53   Filed 07/03/25   Entered 07/03/25 08:58:44   Desc Main
Document    Page 5 of 13

25. In furtherance of the stated purpose of this bankruptcy case, the Debtor requires the services of Crexi to assist the Debtor in marketing for sale the Properties, to assure the Debtor obtains the highest or otherwise best offer for the Properties consistent with the Debtor's duties as a debtor in possession.

26. Therefore, contrary to Ms. Simmons' unsupported assertions, board approval has been provided for Crexi's retention in this bankruptcy case and should be approved by this Court.

**III.** **The Debtor chose Crexi based upon its knowledge of the industry and competitors.**

27. Ms. Simmons states (again without any evidence) that Crexi was chosen absent a competitive bidding or objective vetting process.

28. The Debtor's management company has extensive experience assisting entities like the Debtor in marketing and selling timeshare properties like the Properties.

29. The Debtor's management company correspondingly has significant experience with the various entities and other persons in the industry that may assist with the marketing and sale of properties like the Properties.

30. Based upon that extensive experience and the recommendation of the Debtor's management company, the Debtor in its business judgment decided seek authority to engage Crexi.

31. Ms. Simmons has not suggested that Crexi is not qualified, has not suggested any alternatives, and has not suggested any basis upon which the Debtor's business judgment should be overruled.

**IV.** **The Debtor is not a neutral party, it is a fiduciary and is fulfilling its obligations.**

32. Again without evidence or support, Ms. Simmons states: (a) "the Debtor has a history of recordkeeping failures, including inaccuracies in ownership, financial, and title records, which contributed to the current bankruptcy"; (b) the Debtor's "undefined" relationship with

Lemonjuice Solutions renders it unsuitable to oversee the sale process; and (c) the Debtor's interest in a "bulk sale" creates a direct conflict with the fiduciary obligations required.

33. First, to the extent there is a history of recordkeeping failures (which the Debtor does not concede), the Debtor submits that any such recordkeeping failures would have predated the involvement of the Debtor's present management company, any such recordkeeping failures justify the retention of the Debtor's current management company, the Debtor's current management company has undertaken extensive title work to determine ownership interests, and the Debtor will be required to demonstrate for this Court the title work that has been done and that all owners have been provided notice in the 363(h) Proceedings.

34. Second, as disclosed in the Cash Management Motion, on February 28, 2024, the Debtor replaced its prior management company with HPP Property Services, LLC, d/b/a Lemonjuice Solutions, executing a Management and Repositioning Services Agreement pursuant to which Lemonjuice assumed management duties and began examining title status, delinquency levels, and budget deficiencies with a mandate to identify a strategy, whether reorganization, termination of the timeshare structure, or outright sale, to restore financial stability for Hiawatha East. (Dkt. No. 9, at ¶ 8.) Accordingly, contrary to Ms. Simmons' position, Lemonjuice Solutions' role is quite defined and, in any event, it is Crexi the Debtor proposes to administer and run the marketing process in connection with any sale and to which Ms. Simmons objects.

35. Third, contrary to Ms. Simmons' assertion, the Debtor believes in its business judgment—and the Debtor will be required to demonstrate to this Court when the Debtor seeks approval of any sale(s) of the Properties—that any sale(s) of the Properties will maximize the value of co-owners' and the Debtor's property rights.

36. For these reasons, Ms. Simmons' objections under the heading "The Debtor Is Not A Neutral Party" should be overruled, and Crexi's retention should be authorized.

**V.     The Debtor is authorized to file the application to retain Crexi.**

37. Ms. Simmons states in error that Bankruptcy Rule 2014 requires applications to employ professionals be filed by the trustee or creditors' committee.

38. While the text of Bankruptcy Rule 2014 is accurately stated by Ms. Simmons, Ms. Simmons overlooks the impact of section 1107(a) of the Bankruptcy Code, which provides:

> (a) Subject to any limitations on a trustee serving in a case under this chapter, and to such limitations or conditions as the court prescribes, a debtor in possession shall have all the rights, other than the right to compensation under section 330 of this title, and powers, and shall perform all the functions and duties, except the duties specified in sections 1106(a)(2), (3), and (4) of this title, of a trustee serving in a case under this chapter.

39. Pursuant to section 1107(a) of the Bankruptcy Code, as a debtor in possession, the Debtor has all rights and powers of a trustee serving in a case under chapter 11 of the Bankruptcy Code.

**VI.    The application to retain Crexi complies with Bankruptcy Rule 6005.**

40. The application to retain Crexi provides:

> ***If the Properties are sold by the Realtor***, the Debtor will compensate the Realtor only upon application to and approval by the Court and the turnover of the proceeds to the Debtor by the Realtor, in accordance with the provisions of Local Rule 6005-1. The Realtor shall make a separate application for reimbursement of any expenses.

(Dkt. No. 14, ¶ 13 (emphasis added).)

41. This language is consistent with applications approved by this Court in other similar cases. *See, e.g.*, Motion of the Trustee to Employ Realtor, *In re Scott Thomas Lumley*, No. 3:20-bk-00836 (Bankr. M.D. Tenn. Jan. 29, 2021).

42. Nevertheless, to avoid any confusion, the Debtor submits with this response a revised proposed order making clear that any compensation shall be subject to further application and approval by this Court and shall be subject to the provisions of Local Rule 6005-1.

43. A true and correct copy of the revised order is attached to this response as **Exhibit A** and is incorporated in this paragraph by reference.

WHEREFORE, the Debtor respectfully requests that the Court overrule the Objection, enter an order substantially in the form attached to this response as **Exhibit A** granting the relief requested in the Motion, and grant such other and further relief as the Court may deem just and proper.

Dated: July 3, 2025
Nashville, Tennessee

        **HOLLAND & KNIGHT LLP**

        */s/ Blake D. Roth*
        Blake D. Roth (Federal ID No. 2666808)
        C. Scott Kunde (TN Bar No. 040218)
        511 Union Street, Suite 2700
        Nashville, TN 37219
        Telephone: (615) 244-6380
        Facsimile: (615) 244-6804
        Email: Blake.Roth@hklaw.com
              Scott.Kunde@hklaw.com

        *Proposed Attorneys for the Debtor and Debtor in Possession*

# EXHIBIT A
## REVISED PROPOSED ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Hiawatha Manor Association, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Hon. Randal S. Mashburn |

**ORDER AUTHORIZING THE EMPLOYMENT OF**
**COMMERCIAL REAL ESTATE EXCHANGE, INC.**

Upon the *Debtor's Motion to Employ Realtor* (Dkt. No. 14) (the "***Motion***")[1] filed by Hiawatha Manor Association, Inc., seeking authority for the Debtor to employ Commercial Real Estate Exchange, Inc. ("***Crexi***") as a commercial real estate broker and auctioneer for the purposes of offering for sale the Hiawatha East Property and Hiawatha West Property; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, objections to the Motion, and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted in this order; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing for the relief sought in the Motion, it is hereby:

1. **ORDERED** that the Motion is GRANTED; and it is further

2. **ORDERED** that all objections are OVERRULED to the extent not otherwise resolved or withdrawn; and it is further

3. **ORDERED** that the Debtor is authorized to retain Crexi as an auctioneer to assist with the Debtor's marketing and sale process; and it is further

4. **ORDERED** that, if the Properties are sold, the Debtor will compensate or otherwise reimburse expenses incurred by Crexi only upon application to and approval by this Court, in accordance with the provisions of Local Rule 6005-1; and it is further

5. **ORDERED** that, notwithstanding any Bankruptcy Rule to the contrary, this order shall be immediately effective and enforceable upon its entry; and it is further

6. **ORDERED** that this Court shall retain jurisdiction over any and all matters arising out of or related to this order.

APPROVED FOR ENTRY:

**HOLLAND & KNIGHT LLP**

*/s/ Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake. Roth@hklaw.com
          Scott.Kunde@hklaw.com


*Proposed Attorneys for the Debtor and Debtor in Possession*

2