# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>Hiawatha Manor Association, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Judge Randal S. Mashburn |

**DEBTOR'S RESPONSE TO MOTION TO COMPEL DEBTOR TO AMEND SCHEDULE G TO DISCLOSE EXECUTORY CONTRACT WITH LEMONJUICE SOLUTIONS**

Hiawatha Manor Association, Inc., as debtor and debtor in possession (the "***Debtor***") in the above-captioned chapter 11 case (the "***Chapter 11 Case***"), by and through its undersigned proposed counsel, files this response to the *Motion to Compel Debtor to Amend Schedule G to Disclose Executory Contract With Lemonjuice Solutions* (Dkt. No. 39) (the "***Motion***") and respectfully states as follows:

## BACKGROUND

1. On May 6, 2025 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief in this Court, pursuant to chapter 11 of the Bankruptcy Code thus commencing the Chapter 11 Case.

2. The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. No trustee, examiner or official committee has been appointed in this Chapter 11 Case.

## RESPONSE

4. As disclosed in the *Debtor's Motion for Entry of an Order Authorizing the Maintenance and Continued Use of Existing Bank Accounts* (Dkt. No. 9), on February 28, 2024, the Debtor replaced is then management company with HPP Property Services, LLC d/b/a

Lemonjuice Solutions ("*Lemonjuice*"), executing a Management and Repositioning Services Agreement (the "*Management Agreement*").

5. As of the Petition Date, the Debtor's only ongoing duties under the Management Agreement were to compensate Lemonjuice for services rendered and to be rendered under the Management Agreement according to its terms.

6. The obligation to pay money alone does not suffice to render a contract executory. *In re Cedar Rapids Meats, Inc.*, 121 B.R. 562, 573–74 (Bankr. N.D. Iowa 1990) ("It is well-established that where all elements of performance have been accomplished leaving only an obligation to pay money, there is no executory contract") (citing *In re Dunes Casino Hotel*, 63 B.R. 939, 948 (D.N.J. 1986)). *See also In re Cox*, 179 B.R. 495, 498 (Bankr. N.D. Tex. 1995) (stating contract was not executory where payment was the only outstanding obligation, regardless of the fact that several methods of payment were permitted);; *In re Placid Oil Co.*, 72 B.R. 135, 137 (Bankr. N.D. Tex. 1987) (stating only outstanding duty was to pay compensation, which cannot alone suffice as a matter of law).

7. Accordingly, the Debtor did not and still does not believe the Management Agreement is an executory contract.

8. Nevertheless, to avoid incurring additional and ongoing costs unnecessarily, the Debtor is amending Schedule G with a full reservation of rights as to whether the Management Agreement constitutes an executory contract.

9. Therefore, the Debtor submits the Motion is moot and should be denied as such.

WHEREFORE, the Debtor respectfully requests that the Court deny the Motion as Moot and grant such other and further relief as the Court deems just and proper.

Dated: July 3, 2025
Nashville, Tennessee

**HOLLAND & KNIGHT LLP**

 /s/  *Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@hklaw.com
　　　　Scott.Kunde@hklaw.com

*Proposed Attorneys for the Debtor and Debtor in Possession*