**SO ORDERED.**
**SIGNED 15th day of July, 2025**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**



**Randal S. Mashburn**
**Chief U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc. | Case No. 25-01916 |
| Debtor. | Hon. Randal S. Mashburn |

## ORDER AUTHORIZING THE EMPLOYMENT OF
## COMMERCIAL REAL ESTATE EXCHANGE, INC.

Upon the *Debtor's Motion to Employ Realtor* (Dkt. No. 14) (the "***Motion***")[1] filed by

Hiawatha Manor Association, Inc., seeking authority for the Debtor to employ Commercial Real

Estate Exchange, Inc. ("***Crexi***") as a commercial real estate broker and auctioneer for the purposes

of offering for sale the Hiawatha East Property and Hiawatha West Property; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157; and that this Court may enter a final order

consistent with Article III of the United States Constitution; and this Court having found that venue

of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion, objections to the Motion, and having heard the statements in support of the relief requested in the Motion at a hearing before this Court (the "*Hearing*"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted in this order; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing for the relief sought in the Motion, it is hereby:

1.    **ORDERED** that the Motion is GRANTED; and it is further

2.    **ORDERED** that all objections are OVERRULED to the extent not otherwise resolved or withdrawn; and it is further

3.    **ORDERED** that the Debtor is authorized to retain Crexi as an auctioneer to assist with the Debtor's marketing and sale process pursuant to the terms set forth on **Exhibit 1** to this order; and it is further

4.    **ORDERED** that, if the Properties are sold, the Debtor will compensate or otherwise reimburse expenses incurred by Crexi only upon its separate application to, and approval by, this Court, in accordance with the provisions of Local Rule 6005-1; and it is further

5.    **ORDERED** that, notwithstanding any Bankruptcy Rule to the contrary and subject to the objection period below, this order shall be immediately effective and enforceable upon its entry; and it is further

6.    **ORDERED** that, any party in interest may file an objection to the employment of Crexi based on the term sheet provisions on or before July 29, 2025. In the event an objection is

filed, the Court shall conduct a hearing on the employment of Crexi based on the term sheet provisions on August 5, 2025, at 9:30 a.m. Central Time in Courtroom 1 (virtual hearing if allowed, see Court website for details); and it is further

7.      **ORDERED** that this Court shall retain jurisdiction over any and all matters arising out of or related to this order.

APPROVED FOR ENTRY:

**HOLLAND & KNIGHT LLP**

*/s/  Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake. Roth@hklaw.com
        Scott.Kunde@hklaw.com

*Proposed Attorneys for the Debtor and Debtor in Possession*

**EXHIBIT 1**
**TERM SHEET**

| | |
|---|---|
| Auctioneer's Fee: | Greater of $20,000 and 3% of gross sale price |
| Broker's Commission:[1] | Approximately 2% of gross sale price |
| Withdrawal Fee:[2] | Greater of $20,000 and 3% of any established reserve price |

---

[1] To be retained after consultation with Crexi and the Debtor's board, approval by the Debtor's board, and subsequent bankruptcy court approval.

[2] A confidential reserve price may be set by the Debtor's board, subject to approval of bidding and auction procedures by the bankruptcy court. Withdrawal fee payable upon the Debtor's withdrawal of the property from the marketing process once the marketing process has begun, reflecting sunk marketing costs.