United States Bankruptcy Court

Middle District of Tennessee

In re:                                                                                                    Case No. 25-01916-RSM

Hiawatha Manor Association, Inc.                                                      Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0650-2                                    User: admin                                    Page 1 of 2

Date Rcvd: Jul 14, 2025                          Form ID: pdf001                          Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol          Definition**

+          Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 16, 2025:**

**Recip ID               Recipient Name and Address**
db                          +  Hiawatha Manor Association, Inc., 7380 W SAND LAKE RD SUITE 130, ORLANDO, FL 32819-5285

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 16, 2025                          Signature:          /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 14, 2025 at the address(es) listed below:**

**Name**                                    **Email Address**

BLAKE ROTH

on behalf of Debtor Hiawatha Manor Association  Inc. blake.roth@hklaw.com, brooke.freeman@hklaw.com;cathy.thomas@hklaw.com

Christopher Scott Kunde, Jr

on behalf of Debtor Hiawatha Manor Association  Inc. scott.kunde@hklaw.com

Jack W Robinson, Jr

on behalf of Creditor Lake Tansi Village Property Owners Association  Inc. jrobinsonjr@gsrm.com, djames@gsrm.com

REBECCA JO YIELDING

on behalf of U.S. Trustee US TRUSTEE Rebecca.J.Yielding@usdoj.gov

THOMAS H. FORRESTER

on behalf of Creditor Lake Tansi Village Property Owners Association  Inc. tforrester@gsrm.com, djames@gsrm.com;djoscelyn@gsrm.com

US TRUSTEE

ustpregion08.na.ecf@usdoj.gov

TOTAL: 6

SO ORDERED.
SIGNED 14th day of July, 2025

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

Randal S. Mashburn
Chief U.S. Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc. | Case No. 25-01916 |
| Debtor. | Hon. Randal S. Mashburn |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
## HOLLAND & KNIGHT LLP AS COUNSEL FOR THE DEBTOR AND
## DEBTOR IN POSSESSION RETROACTIVE TO THE PETITION DATE

Upon the Application[1] of Hiawatha Manor Association, Inc. as the debtor and debtor in possession (the "***Debtor***") for entry of an order (this "***Order***"), authorizing the Debtor to employ H&K, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court

having found that the Debtor's notice of the Application and opportunity for a hearing on the

Application were appropriate under the circumstances and no other notice need be provided; and

this Court having reviewed the Application and having heard the statements in support of the relief

requested therein at a hearing, if any, before this Court (the "*Hearing*"); and this Court having

determined that the legal and factual bases set forth in the Application and at the Hearing establish

just cause for the relief granted herein; and upon all of the proceedings had before this Court; and

after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Application is GRANTED as stated herein.

2.      The Debtor is authorized to retain and employ H&K as its attorneys in accordance

with the terms and conditions set forth in the Application.

3.      H&K is authorized to provide the Debtor with the professional services as described

in the Application and consistent with its prepetition engagement for the Debtor. Specifically, but

without limitation, H&K will render the following legal services:

a.  advising the Debtor with respect to its powers and duties as debtors in
    possession in the continued management and operation of the Debtor's
    business and property;

b.  advising and consulting on the conduct of this Chapter 11 Case, including
    all of the legal and administrative requirements of operating in a case under
    chapter 11 of the Bankruptcy Code;

c.  attending meetings and negotiating with representatives of creditors and
    other parties in interest;

d.  taking all necessary actions to protect and preserve the Debtor's estate,
    including prosecuting actions on the Debtor's behalf, defending any action
    commenced against the Debtor, and representing the Debtor in negotiations
    concerning litigation in which the Debtor is involved, including objections
    to claims filed against the Debtor's estate;

e.  preparing pleadings in connection with this Chapter 11 Case, including

motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

f.  representing the Debtor in connection with obtaining authority to continue using cash collateral and obtaining postpetition financing;

g.  advising the Debtor in connection with any potential sale of assets;

h.  appearing before this Court and any appellate courts to represent the interests of the Debtor's estate;

i.  advising the Debtor regarding tax matters;

j.  taking any necessary action on behalf of the Debtor to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related to the foregoing; and

k.  performing all other necessary legal services for the Debtor, in connection with the prosecution of this Chapter 11 Case, including: (i) analyzing the Debtor's leases and contracts and the assumption and assignment or rejection of same; (ii) analyzing the validity of liens against the Debtor or its estate; and (iii) advising the Debtor on corporate and litigation matters.

4.  H&K shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's Chapter 11 Case in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

5.  Notwithstanding anything to the contrary in the Application or the Declaration attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided and fees for defending any objection to H&K's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

6.  The U.S. Trustee retains all rights to object to any rate level and/or rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code,

3

#524420832_v3

and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7.     The Debtor and H&K are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9.     To the extent the Application or the Roth Declaration are inconsistent with this Order, the terms of this Order shall govern.

10.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

APPROVED FOR ENTRY:

**HOLLAND & KNIGHT LLP**

*/s/  Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake. Roth@hklaw.com
        Scott.Kunde@hklaw.com

*Proposed Attorneys for the Debtor and Debtor in Possession*

4

#524420832_v3