IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

In re:                                                                    Chapter 11

Hiawatha Manor Association, Inc.,                  Case No. 25-01916

         Debtor.                                         Judge Randal S. Mashburn

**EXHIBIT A**

**Schedule of Documents Requested**

**Submitted in Support of Motion for Rule 2004 Examination**

**By Linda Simmons, pro se**

# Exhibit A
## Document Schedule for Subpoena Under Bankruptcy Rule 2004

**A. Potential Post-Confirmation Liability for Fully Paid Co-Owners**

    1. All documents the Debtor will rely on to establish that fully paid co-owners of Hiawatha East may remain liable for obligations of the Association following confirmation of a Plan.

    2. All documents the Debtor will rely on to support any claim that the February 28, 2024 Management and Repositioning Agreement, the February 14, 2025 Purchase and Assignment of Intervals, Liens and Receivables Agreement, or any related agreement imposes continuing financial obligations on fully paid co-owners after the bankruptcy concludes.

    3. All documents, including contract excerpts, or internal communications, that the Debtor may rely on to assert that any proposed plan does not violate 11 U.S.C. § 524 or that it may rely on to otherwise seek to bind non-debtor co-owners to post-confirmation obligations without consent or notice.

**B. Potential Preferential Transfer of 476 Timeshare Intervals to Lemonjuice**

    4. A complete copy of any master agreement, summary list, or deed package reflecting the transfer of approximately 476 timeshare intervals from Hiawatha East to Lemonjuice in or around March 2025, including any covering documentation provided to the Cumberland County Register of Deeds or retained by the Debtor.

    5. Any documents reflecting the loan, financing arrangement, or other obligation that the 476-week transfer was intended to satisfy, including any promissory notes, loan agreements, repayment schedules, or Board resolutions.

    6. Any internal accounting records, board communications or other documents supporting the valuation of the transferred intervals and the adequacy of consideration received by the estate.

    7. Any documents the Debtor will rely on to establish that the 476-week transfer does not constitute a preferential transfer under 11 U.S.C. § 547.

    8. Any internal financial statements, board minutes, correspondence, or any non-privileged documents or communications from February 28, 2024 through March, 2025, evaluating or acknowledging the Debtor's insolvency, including any material supporting the statement in the December 17, 2024 communication to owners that "Hiawatha East Resort is now insolvent," and any subsequent documents addressing how that insolvency affected operational strategy, timing of the bankruptcy filing, or member disclosures.

1

9. Any documents or communications from December 1, 2024 through May 6, 2025 explaining or reflecting the delay in filing the Chapter 11 petition, including references to legal readiness, advisor availability, board deliberations, or other internal rationale. This request specifically includes any materials addressing the period after the March 15, 2025 Written Consent to file bankruptcy, including any documentation explaining why the petition was not filed until May 6, 2025. Also included are any draft petitions, written consents, or timeline discussions prepared during that period, and any records evaluating whether continued operations or transactions during the delay were in the estate's best interest.

10. All financial statements, internal accounting summaries, and ledger entries from January 1, 2024 through May 6, 2025 showing the Debtor's financial position and specifically identifying:

- amounts billed by, accrued to, or paid to Lemonjuice Solutions or its affiliates,
- the dates and basis for those amounts, and
- the evolution of the alleged $300,000 debt the 476-week transfer was purported to satisfy.

11. Any Board resolutions, meeting minutes, or other official documents authorizing the suspension or modification of maintenance fee assessments during 2024.

12. Any financial statements or internal accounting summaries reflecting the projected or actual impact of the fee suspension on the Association's cash flow or receivables.

**C. Lemonjuice's Dual Role and Insider Control**

13. Any documents reflecting deed-back or quitclaim transfers from Hiawatha East owners from January 1, 2024, through the petition date:

A. to the Debtor, and
B. to Lemonjuice.

14. Any documents reflecting deed-back or quitclaim transfers from Hiawatha West owners from January 1, 2024, through the petition date:

A. to the Hiawatha West Association, and
B. to Lemonjuice.

15. Any documents reflecting deed-back or quitclaim transfers from Hiawatha East owners after the petition date:

A. to the Debtor, and
B. to Lemonjuice.

2

16. Any documents reflecting deed-back or quitclaim transfers from Hiawatha West owners after the petition date:

    A. to the Hiawatha West Association, and
    B. to Lemonjuice.

17. Any documents reflecting deed-back or quitclaim transfers from owners at Hiawatha East or Hiawatha West that are pending, in process, or otherwise executed but not yet recorded, including any internal logs, transmittal letters, escrow instructions, or holding files maintained by Lemonjuice or the Debtor.

**D. Use of East Bankruptcy to Facilitate Sale of Hiawatha West and Questionable Inter-Association Transfers**

18. The Shared Services Agreement or any other agreement reflecting obligations or inter-association arrangements between Hiawatha East and Hiawatha West.

19. Financial records reflecting the accrual of debt by Hiawatha West that was purportedly discharged by the January 8, 2025 transfer of 70 timeshare intervals to Hiawatha East.

20. The agreement or documentation effectuating the January 8, 2025 transfer of 70 timeshare intervals from Hiawatha West to Hiawatha East.

21. Post-transfer accounting records showing how expenses and any revenue associated with the units containing the 70 transferred intervals have been allocated between Hiawatha East and Hiawatha West, including any records of operational or maintenance expenses incurred by Hiawatha East.

22. All documents reflecting how payments associated with the units containing transferred intervals have been allocated between Hiawatha East and Hiawatha West, including any records showing operational or maintenance expenses incurred by Hiawatha East.

23. Any agreements, memoranda, or cost-sharing arrangements between Hiawatha East and Hiawatha West, or between Lemonjuice and either Association, that relate to the use of East estate funds for West-related legal, administrative, or operational expenses.

24. Any resolutions, consents, meeting minutes, or other documentation reflecting approval or authorization by the Hiawatha West Board for the January 8, 2025 transfer of 70 intervals to Hiawatha East.

**E. Failure to Disclose Material Agreements to Members**

      25. The fully executed copy of the February 28, 2024 Management and Repositioning Services Agreement ("MRS Agreement").

      26. The fully executed copy of the February 14, 2025 Purchase and Assignment of Intervals, Liens, and Receivables Agreement.

      27. All schedules, exhibits, and attachments referenced in either of the executed agreements.

      28. All documents the debtor will rely on to establish that the February 28, 2024 Management and Repositioning Services Agreement was disclosed to, or approved by, the Association's membership prior to its execution.

      29. All documents the Debtor will rely on to establish that the February 14, 2025 Purchase and Assignment of Intervals, Liens, and Receivables Agreement was disclosed to, or approved by, the Association's membership prior to its execution.

      30. All documents the Debtor will rely on to establish that the February 28, 2024 Management and Repositioning Services Agreement was approved at a Board meeting including any agenda, minutes, written consent, or other contemporaneous evidence.

      31. All documents the Debtor will rely on to establish that the February 14, 2025 Purchase and Assignment of Intervals, Liens, and Receivables Agreement was approved at a Board meeting including any agenda, minutes, written consent, or other contemporaneous evidence.