IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc., | Case No. 25-01916 |
| Debtor. | Judge Randal S. Mashburn |

_____

**OBJECTION OF LINDA SIMMONS**
**TO DEBTOR'S PROPOSED PROTECTIVE ORDER**

**Introduction**

Movant files this objection in response to a "Proposed Agreed Order" sent by Debtor's counsel on August 13, 2025, which counsel stated he intended to file with the Court. Despite being styled as a "Proposed Agreed Order," Movant has never agreed to its terms and does not consent to entry of this form of order. Movant submits this objection promptly to ensure her position is preserved and the Court is aware of her opposition to the proposed terms before any such order is entered.

**No Meaningful Meet and Confer**

On Monday, August 11, 2025, Debtor's counsel sent Movant a unilaterally constructed "Proposed Agreed Order" that did not address the proposals in a carefully written letter Movant had sent earlier that same day. Movant acknowledged receipt and informed Debtor's counsel she would respond within two days.

On the morning of the second day, counsel sent a redline version. Debtor's counsel referred to a deadline, without specifying what it applied to, which appeared to mean a deadline for the parties to arrive at an agreed order. He also stated his intent to file the document that same

1

day. In fact, the only deadline was for him to file the Debtor's response to Ms. Simmons' original Rule 2004 Motion. Because a response to a motion would not ordinarily take the form of a proposed agreed order, this approach could reasonably lead the Court to believe that the parties have reached an agreement when they have not.

Movant realized after a few hours that this timing and approach could effectively cut off the meet-and-confer process before it could occur. As of this moment, there has been insufficient time for meaningful review, discussion, or exchange of proposed revisions. No substantive back-and-forth has occurred before the Debtor has moved forward toward filing its preferred version with the Court. The manner in which Debtor's counsel has approached this so-called "conferring" has been to unilaterally issue fully drafted "agreed orders" and impose short deadlines, rather than to engage in an open and collaborative exchange.

### Overbroad Restrictions

The proposed order contains definitions and limitations that would:

- Allow the Debtor to designate nearly all business records "Confidential" at its sole discretion.
- Restrict sharing of documents with other timeshare owners who are parties in interest. Impose burdensome challenge procedures and end-of-case return/destruction requirements, even for materials that should be in the public record.

### Movant's Position

Movant is not opposed to a reasonable protective order that protects truly sensitive information while allowing effective participation in this case. However, the current draft is overbroad and would impair Movant's ability to review, share, and use relevant materials in court filings.

2

**RELIEF REQUESTED**

Movant respectfully requests that the Court:

- Defer entry of any protective order until the parties have engaged in a good faith meet-and-confer process; and

- Permit the filing of either a jointly agreed form of order or competing proposed orders for the Court's consideration.

- In the event the parties are unable to reach agreement, proceed with the hearing on the Rule 2004 Motion so that disputed terms can be resolved by the Court.

Dated: August 13, 2025                                  Respectfully submitted,

                        /s/ Linda Simmons
                        Linda Simmons
                        9643 Chanteclair Circle
                        Highlands Ranch, CO 80126
                        Telephone: (615) 594-2866
                        Email: lindasimmons2866@gmail.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 13, 2025, I served a true and correct copy of this Objection to Debtor's Proposed Protective Order.

    Via CM/ECF on all registered participants:

- Blake D. Roth – Counsel for Debtor
- C. Scott Kunde – Counsel for Debtor
- Thomas H. Forrester – Counsel for Lake Tansi Village POA
- Rebecca J. Yielding – Trial Attorney, Office of the U.S. Trustee
- Office of the United States Trustee

/s/ Linda Simmons
Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866
Email: lindasimmons2866@gmail.com