# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc., | Case No. 25-01916 |
| Debtor. | Judge Randal S. Mashburn |

## OBJECTION OF LINDA SIMMONS TO ENTRY OF DEBTOR'S PROPOSED PROTECTIVE ORDER FOLLOWING WITHDRAWAL OF RULE 2004 MOTION

Linda Simmons (***"Movant"***), appearing pro se, respectfully submits this Objection to the entry of Debtor's proposed protective order. This Objection is filed in response to Debtor's Response filed August 13, 2025 (Doc. No. 76), which attached a proposed protective order, and pursuant to the Court's Order entered August 19, 2025 (Doc. No. 79), directing that disclosure and transparency issues and the proposed protective order remain for consideration at the continued status conference. Movant states as follows:

### BACKGROUND

1.  On July 29, 2025, Movant filed a Motion for Rule 2004 Production of Documents (Doc. No. 63).

2.  On August 13, 2025, Debtor filed a Response (Doc. No. 76), attaching as Debtor's Exhibit A a proposed "Protective Order". This document is substantially identical to the version previously presented by Debtor's counsel to Movant at the outset of the Court's directive that the parties, together with the United States Trustee, collaborate to establish a process for providing additional information to co-owners and other interested parties with maximum

1

transparency. A comparison of the two versions, identifying their limited substantive differences, is attached hereto as Movant's Exhibit A.

3. In practice, this "working with" consisted of Debtor's counsel rejecting Movant's proposals in their entirety, with one limited exception—the compromise made was to provide access to the data room through the Debtor's website. While this nominal change could be cast as a concession, it did not address the central issue raised by Movant: that documents produced in discovery must be available for use in court filings. Thus, although Debtor's counsel may characterize his conduct as collaboration, in reality it amounted to unilateral insistence on his own form of order and a refusal to meaningfully consider alternative proposals.[1]

4. On August 13, 2025, after Movant stated in writing that she did not agree to the Debtor's proposed protective order, Debtor's counsel replied that he "could not divine what in the order is not acceptable." In fact, Movant had already set out her objections and proposals in prior correspondence. This remark was therefore a misstatement and underscored counsel's refusal to meaningfully engage with the substance of Movant's concerns.[2]

5. On August 14, 2025, in direct response to Movant's Objection to Debtor's proposed Protective Order, Debtor's counsel sent an email asserting that Movant's "concerns about sharing information [she] obtain[s] from discovery" were "exactly the point of the

---

[1] See Letter from Linda Simmons to Blake Roth dated August 11, 2025, attached hereto as Exhibit B (proposing a discovery framework distinguishing confidential from non-confidential materials and ensuring their availability for court filings); see also Email from Blake Roth to Linda Simmons dated August 11, 2025, attached hereto as Exhibit C (rejecting proposed revisions and insisting on use of Debtor's process).

[2] See Email from Linda Simmons to Blake Roth dated August 13, 2025, attached hereto as Exhibit D (declining to agree to Debtor's proposed protective order); see also Email from Blake Roth to Linda Simmons dated August 13, 2025, attached hereto as Exhibit E ("could not divine what in the order is not acceptable").

protective order."[3] This was not a fair reading of Movant's position, which has been consistent: documents produced through discovery should remain freely available for use in public court filings, while confidential materials could appropriately be restricted.

6. By recasting this limited and reasonable position as a problem to be "solved" by restrictions, Debtor's counsel not only manufactured a rationale for the protective order but also exemplified a broader pattern of distorting Movant's words in ways that obstruct meaningful collaboration. These mischaracterizations made clear to Movant that the proposed protective order, rather than protecting legitimate interests, imposed terms that would place her at ongoing risk of being unfairly portrayed as acting improperly in future court filings.

7. In light of these circumstances, and to avoid being subjected to an overbroad protective order unsupported by the record, Movant filed a Notice of Withdrawal of her Rule 2004 Motion (Doc. No. 78) on August 15, 2025.

8. With the withdrawal of the Rule 2004 Motion, Movant reasonably understood that the proposed protective order submitted in response to it would no longer be at issue.

9. However, by order entered August 19, 2025, the Court directed that the continued status conference would proceed notwithstanding Movant's withdrawal, "as it relates to the general disclosure and transparency issues previously raised by the Court and the proposed protective order that the Debtor submitted with its response to the motion for 2004 examination at Doc. 76." Movant therefore files this Objection to place her position fully before the Court as it considers those broader issues.

---

[3] See Email from Linda Simmons to Blake Roth dated August 13, 2025, attached hereto as Exhibit F (objecting to characterization of the proposed order as "agreed" and rejecting the protective order framework); see also Email from Blake Roth to Linda Simmons dated August 14, 2025, attached hereto as Exhibit G (asserting that Movant's "concerns about sharing information" justified the protective order).

10. Movant files this Objection to make clear that her withdrawal was not a concession on the merits of her discovery requests. Rather, it was a protective measure taken to avoid being subjected to an overbroad protective order advanced under coercive conditions. The merits of those discovery requests are no longer before the Court.

11. Entry of the proposed protective order would prejudice Movant by reducing access to a hollow formality; without the ability to use documents in court filings, such access cannot be considered meaningful.

12. The proposed order also serves no legitimate interest of the Debtor itself. According to its own filings, the Debtor has stated it that the Association will be dissolved following the property sale. Upon dissolution, the only party with an ongoing interest in maintaining secrecy will be Lemonjuice Solutions, a non-debtor entity whose interests appear to drive the proposed restrictions. A protective order should not be used as a mechanism to shield a third party from scrutiny, where that third party is expected to remain active while the Debtor ceases to exist.

13. In correspondence dated August 11, 2025, Debtor's counsel took the position that communications about discovery procedures constituted "inadmissible settlement discussion" under Rule 408. Movant understood these communications differently: they plainly concerned a pending discovery motion, not settlement negotiations.[4] While the subsequent mischaracterization described in Paragraph 5 was the direct cause for Movant's withdrawal of her Motion, this earlier episode reinforced her concern that her actions could be mischaracterized

---

[4] See Email from Blake Roth to Linda Simmons dated August 11, 2025, attached hereto as Exhibit C. In that message, Mr. Roth rejected all of Movant's proposed changes and asserted that communications regarding discovery procedures constituted "inadmissible settlement discussion" under Rule 408.

4

in ways that might later be used to enforce a punitive provision of a protective order, and contributed to her conclusion that it was ultimately safer to withdraw the Rule 2004 Motion.

14. In the alternative, if the Court determines that entry of a protective order is necessary notwithstanding the withdrawal of Movant's Rule 2004 Motion, Movant respectfully submits that any such order should be limited to genuinely confidential information, such as personal identifiers, medical information, or tax records.

15. The Court's directive contemplated that the parties would work out both the substance of what information would be provided and the manner in which it would be provided. Debtor's counsel, however, refused to engage on the former issue and drafted an order leaving himself as the arbiter of what records may be disclosed, with any disagreements funneled back to the Court. That structure would frustrate, rather than advance, the Court's intent by generating further disputes about disclosure instead of resolving them.

For the foregoing reasons, and to ensure that the Court's directive of maximum transparency is preserved, Movant respectfully requests the following relief.

**RELIEF REQUESTED**

WHEREFORE, Movant respectfully requests that the Court:

a) Decline to enter Debtor's proposed protective order in its current form;

b) Limit the scope of any protective order entered in this case to genuinely confidential information, such as personal identifiers, medical information, or tax records;

c) Direct that non-confidential documents material to the Debtor's governance or administration of the estate be made reasonably available to co-owners, including resumption of the practice of posting court filings and other non-confidential materials on the Debtor's informational website, which was discontinued in June 2025; and

d) Grant such other and further relief as the Court deems just and proper.

Dated: August 21, 2025                     Respectfully submitted,

/s/ Linda Simmons
Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866
Email: lindasimmons2866@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, I served a true and correct copy of this Objection to Entry of Debtor's Proposed Protective Order Following Withdrawal of Rule 2004 Motion.

Via CM/ECF on all registered participants, including:

- Blake D. Roth – Counsel for Debtor
- C. Scott Kunde – Counsel for Debtor
- Thomas H. Forrester – Counsel for Lake Tansi Village POA
- Rebecca J. Yielding – Trial Attorney, Office of the U.S. Trustee
- Office of the United States Trustee

/s/ Linda Simmons
Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866
Email: lindasimmons2866@gmail.com