# EXHIBIT INDEX

| Exhibit | Description | Page No. |
|---|---|---|
| A | Table Comparing First Proposed Protective Order & Final Proposed Protective Order | 1 |
| B | Letter from Movant (Aug. 11, 2025) Proposing specific disclosure terms and distinguishing confidential vs. non-confidential materials | 2 |
| C | Email from Debtor's Counsel (Aug. 11, 2025) Declaring only Debtor's process would be used and rejecting Movant's proposals | 5 |
| D | Email from Movant (Aug. 13, 2025) Stating Movant did not agree to Debtor's proposed protective order | 7 |
| E | Email from Debtor's Counsel (Aug. 13, 2025) Stating Debtor's Counsel "cannot divine" what in the order is not acceptable | 8 |
| F | Email from Movant (Aug. 13, 2025) Rejecting protective order framework | 9 |
| G | Email from Debtor's Counsel (Aug. 14, 2025) Asserting Movant's supposed "concerns about sharing information" justified the protective order | 10 |

# EXHIBIT A

## Protective Order Comparison

| Topic | Aug 11 Draft | Aug 13 Filed (Doc. 76) | Substance of Change |
|---|---|---|---|
| Document Format | Protective order embedded after the "Debtor's Response" section. | Filed as a standalone order following the Response. | Structural only — no substantive change. |
| Access / Notice | Access "subject to the protective order entered by this Court." | Added: notice to be posted on Debtor's website; users may need to consent electronically before access. | Procedural add-on; Debtor still controls access. |
| Confidentiality Designations & Challenges | Allowed designations of "Confidential Material" with no follow-up obligations or challenge process. | Added: designator must notify prior users if a designation changes; challengers must file a motion with a declaration, and must continue treating the material as confidential until the Court rules. | Procedural tweaks that reinforce Debtor's control — challengers bear the burden, and use of materials is frozen until Court intervenes. |
| Permitted Recipients | Limited to parties in interest, counsel, retained experts, and Court. | Expanded to include family members of adversary defendants who are assisting them. | Narrow expansion. |
| Typos / Formatting | Contained errors (e.g., "Thethe"). | | Cosmetic only. |

Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126

August 11, 2025

Mr. Blake Roth
Holland & Knight LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219

RE: In re Hiawatha Manor Association, Inc., Case No. 25-01916
Subject: Proposed Discovery Requests for Agreed Order

Dear Mr. Roth:

      The Court has allowed us ample time before the August 26 hearing to reach an Agreed Order regarding discovery. Almost a week has passed without significant progress. It is necessary that we begin the process of negotiation now so there is sufficient opportunity for back-and-forth discussion and to arrive at a compromise that works for both of us. Given the Court's expectation that these matters be resolved cooperatively, continued delay in beginning substantive negotiations risks undermining that purpose. To move forward productively, I will need any contested items to be addressed with specific, document-by-document counterproposals rather than general refusals.

      While the Court's order addresses the process for providing access to additional information, in order for that process to be meaningful we must also agree on what information will be included. I will not be in a position to agree to a process without first reaching a specific agreement on what documents are to be provided at this time, and without receiving those uncontested documents far enough in advance of the August 26 hearing to review them and confirm they meet the agreed scope. Any items on which we cannot agree will remain for the Court's resolution at the continued hearing on my motion.

      For me to be comfortable with the agreed order, the process must be orderly and timely — not left to the last minute. ==Disclosures of the requested documents should be completed early enough for me to review each one and confirm it meets the agreed scope before the order is finalized. We should also reach agreement in advance on the method of disclosure, providing for both confidential documents and those suitable for public court filings.==

      I initially believed the Court had adopted your proposal to use a data room, but after reviewing the order, I realize that is not the case. While a data room is entirely appropriate in a

case such as the one you handled in Maryland, the only commonality here is the large number of parties in interest. The level of protection needed in this timeshare case in Tennessee is not comparable to the level of sensitivity in the sexual abuse case in Maryland.

The obvious solution has been overlooked. For over a year, owners have been instructed to seek information at hiawatharesort.info. As the Court saw at the hearing, the elderly — who make up the great majority of the co-owners – are at a disadvantage for two reasons: (1) technological limitations in accessing information online, and (2) difficulty understanding the overall process, to the point that two of the co-owners had their children present to assist them. The existing platform maintained by Lemonjuice is familiar to the co-owners and better suited for ensuring that public, non-confidential materials are accessible to all owners without additional barriers.

Because the purpose of obtaining documents is not only to be informed but also to use them in filings with the Court, it is essential that public or non-confidential materials be provided without restrictions. I understand the Court requires that work product or other privileged materials are to be provided in a confidential manner, and I am certainly willing to agree to your use of a data room for items you designate as confidential. However, any materials that are permitted to be filed on the public docket should be accessible without an additional step of seeking permission for their use.

I therefore propose that only materials you deem confidential — meaning attorney work product, privileged communications, or other information the Court would reasonably expect to be protected from public disclosure — be placed in a data room, and all public or non-confidential materials be posted on hiawatharesort.info where no additional permission is needed for their use in court filings. This eliminates ambiguity over how each category may be used, provides owners with consistent access, and removes unnecessary procedural obstacles.

As I understand the Court's directive, its intent is for the parties to resolve the overall discovery issues between us, in addition to the specific requests in my Rule 2004 Motion filed July 29, so that we can establish an informal process going forward and avoid the need for future motions.

To help streamline future discovery and reduce the need for repeated motions, I propose that any discovery requests I serve during the course of this case be posted by the Debtor on the hiawatharesort.info site within a reasonable time after receipt, accompanied by either the requested document(s) or by a written statement explaining the reason for any denial of production. This will promote transparency, provide timely access for other interested parties, and create a clear record for the Court, even if Trustee intervention is not immediate. This proposal does not waive my right to seek relief from the Court at any time.

In preparing the attached Requested List of Documents, I recognize that I am a layperson representing myself pro se. Nevertheless, I have aimed to approach this with the same professional courtesy that would be extended between attorneys – namely, identifying specific needs in advance, setting reasonable deadlines, and working toward a mutually acceptable solution without unnecessary motion practice. I am open to considering any revisions you may propose if I have implied any sort of legal arguments in these requests, as was discussed by you and the Court at the hearing. I am also willing to consider reasonable revisions to the list so long

==as they do not narrow the scope beyond what is necessary to protect true confidentiality, as discussed at the hearing.==

Given the August 26 hearing date, and assuming that, at an absolute minimum, one round of compromises will be required, please provide:

- the actual documents which you do not contest
- counterproposals for those documents which you do contest, with specific reasons for each. Generic objections or broad denials will not be useful for resolving disputes within the timeframe the Court has provided.
- your counterproposals regarding what methods of disclosure can be adopted in an Agreed Order.

If we are unable to reach agreement on these points in a timely manner, I will be ready to present the areas of disagreement to the Court for resolution, as contemplated in its order, and will need adequate time to prepare accordingly.

The more points of disagreement you identify, the sooner your first counterproposal will be required to allow sufficient time for review and discussion — but in any event, no later than Friday, August 15, 2025.

Even though I may have misunderstood the extent of participation expected, in light of the Court's request for the Trustee to have input into the process, I am copying her on this letter as well.

Respectfully,


Linda Simmons
Co-Owner, Hiawatha Manor Association East
lindasimmons2866@gmail.com
615-594-2866

Cc: Rebecca J. Yielding, U.S. Trustee (Rebecca.J.Yielding@usdoj.gov)



**EXHIBIT C**

Linda Simmons <lindasimmons2866@gmail.com>

## RE: Proposed Discovery Requests - Agreed Order (August 26 Hearing)
1 message

**Blake.Roth@hklaw.com** <Blake.Roth@hklaw.com>                                                     Mon, Aug 11, 2025 at 8:57 PM
To: Linda Simmons <lindasimmons2866@gmail.com>
Cc: "Blake.Roth@hklaw.com" <Blake.Roth@hklaw.com>, "Scott.Kunde@hklaw.com" <Scott.Kunde@hklaw.com>

Ms. Simmons,

First, any communications made in connection with attempts at resolving something consensually by settlement are protected by Federal Rule of Evidence 408 and are not admissible and should generally not be used in court. If your intention is to engage in a conversation solely to then rehash that conversation in court, I don't think that is a productive or efficient use of our time.

Second, in reviewing your August 11 letter, the process from our perspective is straightforward and is how we generally proceed in these matters—

1. we agree to the process for producing the documents, including a protective order substantially similar to what I sent to your attention;
2. once the protective order is entered, we produce responsive documents pursuant to and in accordance with the protective order and the Federal Rules of Civil Procedure, as made applicable by the Federal Rules of Bankruptcy Procedure;
   a. in very general terms, this means we produce responsive documents that are not privileged (i.e., attorney-client communications) and have an ongoing duty to supplement with any other or additional responsive materials;
3. upon your review of our production, if you believe we are in possession or control of responsive materials and have failed to produce them, you tell us what you believe is missing or should be produced;
4. we meet and confer regarding what you believe is missing and try to reach an agreement on whether other or additional materials are to be produced; and
5. if we do not agree, at that point, the Court usually gets involved to resolve the scope of what additional, if anything, should be produced.

With respect to your proposal for a bifurcated production, we reject that notion as confusing and also misunderstanding the import of applicable privileges. Attorney-client privileged materials will <u>not</u> be produced under any circumstances. Similarly, there are certain classes of information that are prohibited from disclosure by law. With all of that said, it is my understanding from initial conversations with Hiawatha and Lemonjuice that they intend to utilize the Hiawatharesort.info website as the portal for all the information we produce once the protective order has been entered.

Finally, with respect to the schedule of documents we intend to produce, as those are populated into the data room, we can certainly try to accommodate this request; however, in my experience, it isn't entirely helpful, because you can just go see the documents yourself without the need for reliance upon a table of contents.

**Blake Roth** | **Holland & Knight**
Partner
Holland & Knight LLP
511 Union Street, Suite 2700 | Nashville, Tennessee 37219
Phone 615.850.8749 | Fax 615.244.6804
blake.roth@hklaw.com | www.hklaw.com

_____

Add to address book | View professional biography



**EXHIBIT D**

Linda Simmons <lindasimmons2866@gmail.com>

# Re: Proposed Discovery Requests - Agreed Order (August 26 Hearing)
1 message

---

**Linda Simmons** <lindasimmons2866@gmail.com>  Wed, Aug 13, 2025 at 1:19 PM
To: "Blake.Roth@hklaw.com" <Blake.Roth@hklaw.com>

Mr. Roth,

I do not agree to the "Proposed Agreed Order" you sent on August 11, 2025. ==It does not address the proposals I sent earlier that day== and contains terms that are overbroad. I remain willing to confer in good faith on a protective order, but I cannot agree to the current draft.

It took me a few hours to realize that filing this version now would effectively cut off the meet-and-confer process before it could occur.

Linda Simmons

<b>EXHIBIT E</b>



Linda Simmons <lindasimmons2866@gmail.com>

# RE: Proposed Discovery Requests - Agreed Order (August 26 Hearing)
1 message

---

**Blake.Roth@hklaw.com** <Blake.Roth@hklaw.com>                                    Wed, Aug 13, 2025 at 1:34 PM
To: Linda Simmons <lindasimmons2866@gmail.com>
Cc: "Blake.Roth@hklaw.com" <Blake.Roth@hklaw.com>, "Scott.Kunde@hklaw.com" <Scott.Kunde@hklaw.com>

---

Ms. Simmons,

      Please propose language. I have conveyed to you what we are willing to do and not received a response other than that the order is not acceptable, which is fine. ==However, I cannot divine what in the order is not acceptable to you a==nd guessing does not seem productive.

      With respect to the meet and confer, as you put it, please see our e-mail below where we expressly stated that we **do not** see our filing the response as cutting that process off.

**Blake Roth** | **Holland & Knight**
Partner
Holland & Knight LLP
[511 Union Street, Suite 2700 | Nashville, Tennessee 37219](#)
Phone 615.850.8749 | Fax 615.244.6804
[blake.roth@hklaw.com](#) | [www.hklaw.com](#)

---

[Add to address book](#) | [View professional biography](#)

EXHIBIT F



Linda Simmons <lindasimmons2866@gmail.com>

## Re: Proposed Discovery Requests - Agreed Order (August 26 Hearing)
1 message

**Linda Simmons** <lindasimmons2866@gmail.com>                                    Wed, Aug 13, 2025 at 3:29 PM
To: "Blake.Roth@hklaw.com" <Blake.Roth@hklaw.com>

    Mr. Roth:

    What I do not agree to is any characterization—such as in the title—that this represents an agreed order. While it is labeled "Proposed," submitting it to the Court at this point — well before the August 26 hearing — appears to foreclose further negotiations

    ==I have made numerous proposals, all of which have received denials rather than any counterproposal. Most importantly, I have made clear from the outset that I do not agree to the framework of a Protective Order, which remains a fundamental point of disagreement.==

    That said, I remain willing to continue discussions in good faith to explore whether an alternative structure can be reached that addresses both parties' concerns.

    Regards,

    Linda Simmons

    Co-Owner, Pro Se

    (615) 594-2866
    lindasimmons2866@gmail.com



**EXHIBIT G**

Linda Simmons <lindasimmons2866@gmail.com>

---

# RE: Proposed Discovery Requests - Agreed Order (August 26 Hearing)
1 message

---

**Blake.Roth@hklaw.com** <Blake.Roth@hklaw.com>  Thu, Aug 14, 2025 at 8:41 AM
To: Linda Simmons <lindasimmons2866@gmail.com>
Cc: "Blake.Roth@hklaw.com" <Blake.Roth@hklaw.com>, "Scott.Kunde@hklaw.com" <Scott.Kunde@hklaw.com>

Ms. Simmons,

    Good morning. We received your objection and the below. First, we did not submit anything entitled "Agreed," because we had not reached agreement. In fact, in our response, we indicated you had not agreed but we were going to continue working with you to try and reach an agreement.

    Second, we responded directly to your proposal on August 11 with detailed responses to the points outlined in your letter. To date, we have not received a response from you other than you do not agree.

    Third, having read your objection, I would direct you to: (a) the obligation to not over designate non-confidential information as confidential; and (b) the ability of any party to challenge the designation of any documents or information as confidential. ==Your concerns about sharing information you obtain from discovery is exactly the point of the protective order. Litigation is not to be used as a vehicle for obtaining information you could not otherwise obtain and then disseminating it throughout the world or otherwise using it for your own purposes outside of the litigation in which you obtained the information.==

    Fourth, I do not know what alternative structure you have in mind; however, we will require a protective order of some sort before producing information that includes confidential information. These protective orders are fairly standardized and regularly / customarily used in discovery. If your position is you will not agree to one under any circumstances, let us know so we can proceed accordingly.

    We'll look forward to hearing from you.

**Blake Roth** | **Holland & Knight**
Partner
Holland & Knight LLP
511 Union Street, Suite 2700 | Nashville, Tennessee 37219
Phone 615.850.8749 | Fax 615.244.6804
blake.roth@hklaw.com | www.hklaw.com

_____
Add to address book | View professional biography

Case 2:25-bk-01916    Doc 80-1    Filed 08/21/25    Entered 08/21/25 13:13:23    Desc
Exhibit    Page 11 of 10