United States Bankruptcy Court

Middle District of Tennessee

| | |
|---|---|
| In re: | Case No. 25-01916-RSM |
| Hiawatha Manor Association, Inc. | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0650-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Aug 27, 2025 | Form ID: pdf001 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 29, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Hiawatha Manor Association, Inc., 7380 W SAND LAKE RD SUITE 130, ORLANDO, FL 32819-5285 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 29, 2025      Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 27, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| BLAKE ROTH | on behalf of Debtor Hiawatha Manor Association Inc. blake.roth@hklaw.com, brooke.freeman@hklaw.com;cathy.thomas@hklaw.com |
| Christopher Scott Kunde, Jr | on behalf of Debtor Hiawatha Manor Association Inc. scott.kunde@hklaw.com |
| Jack W Robinson, Jr | on behalf of Creditor Lake Tansi Village Property Owners Association Inc. jrobinsonjr@gsrm.com, djames@gsrm.com |
| REBECCA JO YIELDING | on behalf of U.S. Trustee US TRUSTEE Rebecca.J.Yielding@usdoj.gov |
| THOMAS H. FORRESTER | on behalf of Creditor Lake Tansi Village Property Owners Association Inc. tforrester@gsrm.com, djames@gsrm.com;djoscelyn@gsrm.com |

US TRUSTEE          ustpregion08.na.ecf@usdoj.gov

TOTAL: 6

SO ORDERED.
SIGNED 27th day of August, 2025

Randal S. Mashburn
Chief U.S. Bankruptcy Judge

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc. | Case No. 25-01916 |
| Debtor. | Hon. Randal S. Mashburn |

## PROTECTIVE ORDER

Upon consideration of the *Motion of Linda Simmons for Rule 2004 Production of Documents* (Dkt. No. 63) (the "***Motion***"), *Supplemental Clarification to Exhibit A – Section D, Item 24* (Dkt. No. 71), and *Debtor's Response to Motion of Linda Simmons for Rule 2004 Production of Documents* (Dkt. No. 76) (the "***Response***"); and upon finding that this Court has jurisdiction over the matters raised in the Motion and Response; and upon finding that venue for the Motion and Response are proper in this Court; and upon finding discovery in this action may involve information that a party considers to be confidential, private, or proprietary requiring special protection from public disclosure and from use for any purpose other than this bankruptcy proceeding and any litigation relating to same; and upon finding due and sufficient cause for the relief set forth in this order, it is hereby

**ORDERED**, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure (the "***Federal Rules***"), which is made applicable to this matter by Rule 9014 and Rule 7026 of the Federal Rules

of Bankruptcy Procedure (the "***Bankruptcy Rules***"), this order shall be applicable to and govern all information produced or adduced in the course of discovery, including initial disclosures, responses to written discovery requests (including documents or other things produced in connection with written discovery requests), deposition testimony and exhibits, and information derived directly from any of the foregoing, including all of the foregoing produced by the Debtor pursuant to this order and responsive to the Motion (collectively, the "***Discovery Materials***"); and it is further

**ORDERED** that the Debtor may establish an electronic data room into which Discovery Materials may be made available to parties in interest, for which notice of said data room will be posted by the Debtor on its primary website, and for which access to said data room may be subject to a "click to consent" admission, subject to the terms of this order; and it is further

**ORDERED** that the Debtor may designate any Discovery Materials as "CONFIDENTIAL" that are deemed in good faith by the Debtor and its counsel (the "***designator***") to contain, embody, reflect, refer to, or otherwise disclose, in whole or in part, information of a confidential, private, or proprietary nature, including but not limited to: (a) information prohibited from disclosure by statute or contract; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the Debtor has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms, and other similar financial information; (g) personnel or employment records of any individual; or (h) other business information, financial information, due diligence materials, research, marketing information, or advertising information that, in the good faith of the designator, is confidential such that the

unrestricted disclosure of such information could be harmful to the business or operations of the producing party (collectively, the "***Confidential Information***"); and it is further

**ORDERED** that this order is not intended to confer blanket protections on all disclosures or responses to discovery; rather, the protection afforded by this order extends only to specific material entitled to confidential treatment under applicable legal principles, and the Debtor must only designate specific material that qualifies under the appropriate standards; and it is further

**ORDERED** that if a designator learns that information or items that it designated for protection does not qualify for protection at all or does not qualify for the level of protection initially asserted, such designator must promptly notify in writing all parties who have previously accessed the data room; and it is further

**ORDERED** that designation under this order requires the designator to affix the applicable legend as follows:

(a.) the legend shall be affixed to each page of any document designated but shall not obscure any part of the text, with such designation subjecting the document and its contents to this order without any further action;

(b.) a party or person may designate electronic native format files as appropriate by noting such designation in an accompanying cover letter, on the CD or other media device on which such files are produced, within the metadata associated with the file, or by including the designation in the filename, without need to include additional designations within each electronic native format file;

(c.) with respect to answers to interrogatories or requests for admission, each page of responses containing designated information shall be marked with the appropriate legend;

(d.) any person giving deposition or hearing testimony in this bankruptcy proceeding, including any related adversary proceeding(s), may designate any or all of the testimony on the record while the deposition is being taken, either personally or through counsel; and

(e.) any portions of an expert report provided under Rule 26(a)(2) of the Federal Rules, which is made applicable to this proceeding by Rules 9014 and 7026 of the Bankruptcy Rules, may be designated as Confidential Information if such expert report contains, excerpts, quotes, attaches, or summarizes documents, deposition transcripts, or other materials that have been designated under this order or otherwise contains information the Debtor believes should be marked "CONFIDENTIAL" in accordance with this order;

and it is further

**ORDERED** that Confidential Information may only be disclosed or permitted to be disclosed to the following (each, a "***Permitted Party***"), except as otherwise provided in this order:

(a.) counsel for the Debtor and any other party in interest in this bankruptcy proceeding or any adversary proceeding relating to this bankruptcy proceeding, including family members of adversary proceeding defendants who are assisting said defendants in these matters;

(b.) individual parties and employees of a party, a party's affiliate, or a party's parent company, only to the extent counsel determines in good faith that such individual's assistance is reasonably necessary to the conduct of the litigation or other contested matter in which the Confidential Information is disclosed;

(c.) the Court and its personnel;

4

#526527484_v2

(d.) the Office of the United States Trustee for the Middle District of Tennessee and its personnel;

(e.) court reporters and recorders engaged for depositions, who shall be bound by this order in their handling of Confidential Information and other discovery information;

(f.) contractors specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(g.) consultants, investigators, or experts employed by the parties or counsel for the parties to assist in preparation for any hearings or trials in this bankruptcy proceeding or any related adversary proceedings;

(h.) witnesses (and their counsel) in this bankruptcy proceeding or any related adversary proceedings, to the extent disclosure to such witness is reasonably necessary; <u>provided</u>, <u>however</u>, witnesses shall not be entitled to retain a copy of any Confidential Information;

(i.) the author or original recipient of any Confidential Information (not including a person who received Confidential Information in the course of this bankruptcy proceeding or any related adversary proceeding) and their counsel; and

(j.) any other person by order of this Court or with the consent of the designator of such Confidential Information;

and it is further

**ORDERED** that the Debtor may produce records that contain Personal Identity Information, which may include mailing addresses, telephone numbers, email addresses, or other personally identifiable information that could be used on its own or with other information to

5

#526527484_v2

identify, contact, or locate an individual (collectively, "*PII*"), which PII shall be treated as Confidential Information in accordance with this order regardless whether such PII is designated as Confidential Information; and it is further

**ORDERED** that any person receiving access to Discovery Materials, including their counsel, shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information; and it is further

**ORDERED** that a failure to designate any Discovery Materials as Confidential Information does not, standing alone, waive the right to so designate Discovery Materials; and it is further

**ORDERED** that, if Discovery Materials are designated as Confidential Information after such Discovery Materials were initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that such Discovery Materials are treated in accordance with the provisions of this order; <u>provided</u>, <u>however</u>, no party shall be found to have violated the terms of this order for failing to maintain the confidentiality of Confidential Information during a time when such Confidential Information was not designated as such; and it is further

**ORDERED** that Discovery Materials, other than those Discovery Materials which are already publicly available, shall not be used or disclosed by any Permitted Party other than in this bankruptcy proceeding or any adversary proceeding related to this bankruptcy proceeding, including any appeals related to the foregoing, except as permitted by this order; and it is further

**ORDERED** that Confidential Information shall not be distributed, disclosed, or made available to anyone except as expressly provided in this Order; and it is further

**ORDERED** that nothing in this Order shall restrict in any way a producing party's use or disclosure of its own Confidential Information; and it is further

**ORDERED** that this order does not, by itself, authorize the filing of any document under seal, with the ability to file under seal being governed by this Court's local rules, the Bankruptcy Rules, the Federal Rules, and applicable law; and it is further

**ORDERED** that this order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), and the production of confidential, privileged, or work-product protected Discovery Materials, whether inadvertent or otherwise, is not a waiver of the privilege or protections from discovery in this bankruptcy proceeding, any adversary proceeding related to this bankruptcy proceeding, or in any other federal or state proceeding; and it is further

**ORDERED** that confidential, privileged, or work-product protected documents or information, including copies, may be so designated subsequent to production, should either party or non-party fail to make such designation at the time of production, either inadvertently or otherwise; <u>provided</u>, (a) the parties shall promptly make all reasonable and good faith efforts to collect any copies that have been provided to individuals other than Permitted Parties, (b) the producing party shall reproduce the Confidential Information with the correct confidentiality designation within ten (10) business days upon its notification to the receiving party, and (c) upon receiving the Confidential Information with the correct confidentiality designation, the receiving party shall destroy all copies that were not designated properly; and it is further

**ORDERED** that, if Discovery Material that is privileged or subject to the work-product doctrine is identified subsequent to production consistent with Rule 502(b) of the Federal Rules of Evidence (such Discovery Material, "*Clawback Materials*"): (a) the party receiving such material shall promptly return the material or certify that it has been destroyed; (b) the contents of the

Clawback Materials shall not be disclosed to anyone who was not already aware of the contents of the Clawback Materials before the notice was made, except individuals to which disclosure is necessary to carry out the obligations under this paragraph; and (c) the receiving party may make no use of the Clawback Materials, or any notes or other work product reflecting their contents, during any aspect of this bankruptcy proceeding or any adversary proceeding related to this bankruptcy proceeding, unless the documents are later designated by a court as not privileged or protected; <u>provided</u>, <u>however</u>, nothing contained in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the producing party in writing that such materials have been produced so that the producing party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this order; <u>provided</u>, <u>further</u>, <u>however</u>, nothing contained in this order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, or segregation of privileged or otherwise protected information before production of documents to another party; and it is further

**ORDERED** that the designation of any Discovery Materials as Confidential Information is subject to challenge by any party as follows:

(a.) a party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party;

(b.) the challenging party must explain in writing the basis for its belief that the confidentiality designation was not proper and provide the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in

8

#526527484_v2

designation is offered, to explain the basis for the designation within ten (10) business days of receipt of the challenge;

(c.)   a party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge; <u>provided</u>, <u>however</u>, until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order; and it is further

**ORDERED** that nothing in this order shall be construed to affect the use, at any trial or hearing in this matter, of any document, material, or information; <u>provided</u>, <u>that</u>, any party that intends to present or that anticipates that another party or any applicable non-party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information, permitting the Court the opportunity to make such orders as are necessary to govern the use of such documents or information at trial; and it is further

**ORDERED** that, if a receiving party is served with a subpoena or an order issued in another legal proceeding that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must provide notice, including a copy of the subpoena, to the designating party in writing immediately and in no event more than three (3) court days after receiving the subpoena or order. The receiving party also must immediately and no later than within three court days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing

9

#526527484_v2

these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to seek to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in this Order should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party or non-party has in its possession, custody or control Confidential Information by the other party or non-party to this case. Nothing in this paragraph should be construed as permitting disclosure of Confidential Information to any third party except as expressly provided in this Order; and it is further

**ORDERED** that any party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party or non-party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal; and it is further

**ORDERED** that, unless otherwise agreed or ordered, this order shall remain in force after dismissal of this bankruptcy proceeding, dismissal of any related adversary proceeding, or entry of final judgment not subject to further appeal in this bankruptcy proceeding or any related adversary proceeding, and the Court shall retain jurisdiction to enforce the terms of this order; and it is further

**ORDERED** that, within sixty days of the conclusion of this bankruptcy proceeding, all Confidential Information and documents marked "CONFIDENTIAL" under this order received by a receiving party, including copies, shall either be returned to the producing party or destroyed, unless the document has been offered into evidence or filed without restriction as to disclosure

10

#526527484_v2

Case 2:25-bk-01916   Doc 88   Filed 08/29/25   Entered 08/29/25 23:49:59   Desc
Imaged Certificate of Notice    Page 12 of 13

and, upon request of the party who produced or supplied the Confidential Information, all counsel of record who received such documents shall certify compliance with this paragraph; and it is further

**ORDERED** that, notwithstanding the above requirements to return or destroy documents, counsel may retain an archival copy of all pleadings, motion papers, trial, deposition and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information with any such archival copies that contain or constitute confidential information remaining subject to this order; and it is further

**ORDERED** that this order shall be subject to modification by the Court on its own initiative or on motion of a party; and it is further

**ORDERED** that this Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, any applicable non-party, and persons made subject to this order by its terms; and it is further

**ORDERED** that this Court shall retain jurisdiction over this order and its enforcement.

APPROVED FOR ENTRY:

**HOLLAND & KNIGHT LLP**

/s/ Blake D. Roth
Blake D. Roth (TN Bar No. 031499)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake. Roth@hklaw.com
      Scott.Kunde@hklaw.com

*Attorneys for the Debtor and Debtor in Possession*

11

#526527484_v2