IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Hiawatha Manor Association, Inc.,** | ) | Case No. 2:25-bk-01916 |
| | ) | Chapter 11 |
| **Debtor.** | ) | Judge Randal S. Mashburn |

## LAKE TANSI VILLAGE PROPERTY OWNERS ASSOCIATION, INC.'S RESPONSE TO DEBTOR'S SALE MOTION (Docket No. 110)

Comes Lake Tansi Village Property Owners Association, Inc., a creditor herein ("Lake Tansi"), and respectfully responds to Debtor's Motion Pursuant to 11 U.S.C. §§ 105(a), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order (i) Approving Bidding Procedures, (ii) Scheduling an Auction for and a Hearing to Approve the Sale of the Properties, (iii) Approving Notice of Respective Date, Time and Place for the Auction and for a Hearing to Approve the Sales, (iv) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (v) Approving the Assumption and Assignment of Certain Executory Contracts, and (vi) Granting Related Relief (Docket No. 110) (hereinafter, the "Sale Motion"), filed by the Debtor November 19, 2025.

### Opening Statement

Generally, Lake Tansi does not oppose the ultimate relief requested by the Debtor in the Sale Motion, which is the approval of the sale of certain properties owned by the Debtor or related to the Debtor. Lake Tansi respectfully submits, however, that Lake Tansi's interests have not been properly or adequately protected, and there has been no assurance that the ultimate purchaser of the subject properties can guarantee Lake Tansi that it can and will meet all obligations of an

authorized owner of such properties. To secure the services necessarily required to own the properties, Lake Tansi: (a) must be brought current on all pre- and post-petition financial obligations, and (b) must be provided bonding or some other adequate assurance of future performance, assuring that all financial and operational obligations to be incurred by the successful purchaser will be addressed timely, with adequate security in place. Further, the Court should be made aware that the Tennessee Department of Environment and Conservation ("TDEC") might not allow Lake Tansi to provide sewer services to the properties described in the Sale Motion because of TDEC's limits on the volume and timing of wastewater treatment in the Lake Tansi sewer system.

## Discussion

In support of the matters raised in the Opening Statement above, Lake Tansi respectfully states and represents as follows:

1. Lake Tansi is a Tennessee non-profit corporation that owns certain amenities in the Lake Tansi development in Crossville, Tennessee, and also the private sewer system used by Lake Tansi for its amenities. The amenities owned by Lake Tansi, which are available for use by its members, include a golf course, golf pro shop, lakes (one of which has a beach and approximately 550 acres), tennis and pickleball courts, a recreation center, rental cabins, community center, mini-golf, playground and two restaurants (the "Membership Amenities"). In the past, Lake Tansi allowed owners of two nearby time-share developments known as Hiawatha Manor Resort, the Debtor herein ("Hiawatha East"), and Hiawatha Manor West ("Hiawatha West") to use its Membership Amenities pursuant to specific agreements between Lake Tansi and Hiawatha East and Hiawatha West.

2. The relationship between Lake Tansi and both Hiawatha East and Hiawatha West dates back to the late 1970's, and exists by virtue of contractual agreements between those parties. Specifically, Lake Tansi was chartered in 1977 to govern community membership in the Lake Tansi development and to manage the Membership Amenities. During the early years, Lake Tansi's Membership Amenities were served by septic systems. In 2008, Lake Tansi applied for a permit to operate a domestic sewage treatment plant to service its Membership Amenities, the treated discharge from which would ultimately help irrigate the property's golf course. The sewage system began treating wastewater in early 2010.

Lake Tansi subsequently spun off the sewer system into a separate entity, and thereafter it became a public utility for a short time. However, in 2016, Lake Tansi reacquired the sewer system and it became private once again. TDEC approved Lake Tansi's private use of the system for specified purposes. Nowadays, in addition to servicing the Membership Amenities, Lake Tansi's sewer system provides sewer service for seven specific residence in Lake Tansi (some of which previously had failing septic systems) and the properties where Hiawatha East and Hiawatha West are located. Lake Tansi's continuing to allow the seven houses and Hiawatha East and Hiawatha West properties to use the system (even though it is a private system, generally to be used only by its owner) was approved several years ago by TDEC when it permit was renewed, provided certain conditions are met.

3. Historically, Lake Tansi's agreements with Hiawatha East and Hiawatha West relate to two distinct services provided by Lake Tansi:

- <u>Membership Services</u>: Hiawatha East and Hiawatha West pay associate membership dues to Lake Tansi for their time-share owners, so their owners can use the Membership Amenities. Such associate membership dues have been set out in agreements

between Lake Tansi and Hiawatha East and Hiawatha West, and the dues are based on an agreed-upon dues calculation set out therein. For those payments, Lake Tansi allows the time-share owners to use its (non-public) Membership Amenities described above.

- <u>Sewer Services</u>: Lake Tansi owns and maintains a limited-capacity private sewer system. The sewer system was designed for use primarily by Lake Tansi to service its Membership Amenities. However, currently, TDEC permits Lake Tansi to allow seven residences in Lake Tansi to use the system, as well as the Hiawatha East and Hiawatha West properties. TDEC currently allows the Hiawatha properties to be connected to Lake Tansi's sewer system since: (a) TDEC considers them to be seasonal (used primarily in the non-winter months), and (b) they are contractually associated with Lake Tansi (i.e., the time-share owners have been associate members of Lake Tansi). The TDEC permit contemplates that the sewer system will be used primarily for non-winter months – not year-round. In fact, any intentional increase or change in the use of the sewer system (e.g., if the Hiawatha East or Hiawatha West properties were to be come apartments where local residents would reside year-round) would likely require approval by TDEC.

3. Lake Tansi believes that its relationship with Hiawatha East constitutes an executory contract under 11 U.S.C. § 365, subject to assumption or rejection. However, the relationship (either for use of the Membership Amenities or for sewer service by Lake Tansi's sewer system) was not identified as an executory contract on the Debtor's Schedule G filed at the commencement of this Chapter 11 case. Further, Hiawatha East's representative at the Section 341 meeting of creditors testified that the Hiawatha East time-share owners no longer want to be associate members of Lake Tansi (which permits them to use its Membership Amenities). Thus, at least with respect to the Membership Amenities described above, it would appear that Hiawatha East has rejected its executory contract with Lake Tansi.

4. Lake Tansi has not been approached by any proposed or potential purchaser about providing Membership Amenities or sewer system services for the properties where Hiawatha East and Hiawatha West are located, which are the subject to the Sale Motion. With respect to sewer system services, a potential purchaser must be made aware that TDEC has restricted use of Lake Tansi's sewer system, both as to quantity of treated domestic wastewater (50,000 gallons per day) and as to the timing of such usage (primarily during the summer months). During summer months, the treated discharge from the sewer system can ultimately be used for irrigating Lake Tansi's golf course. In issuing the current sewer permit, TDEC allowed the Hiawatha East and Hiawatha West properties to be connected to the Lake Tansi sewer system, in part because TDEC considered them to "generate wastewater seasonally" during the summer months when time-share owners come to use the Lake Tansi golf course and other Membership Amenities. If the properties were sold to a buyer/buyers that want to used them for year-round occupancy (e.g., such as for conversion into an apartment building where local residents would live year-round), no assurance can be given that TDEC would allow the properties to continue to be serviced by Lake Tansi's sewer system, since the permit was issued on the assumptions that the Hiawatha East and Hiawatha West properties would: (a) primarily be used seasonally – i.e., during the non-winter months – and not year-round; and (b) the owners of the properties would continue to be somewhat associated with Lake Tansi (e.g., as associate members).[1] Lake Tansi has no plans to apply for an increase in the usage or a change in the timing of such usage, and cannot be forced to provide such additional usage. As noted, Lake Tansi's sewer system usage is governed by its permit from TDEC, and the system is not a public system that is regulated by the Tennessee Public Utility Commission. The

---

[1] Since Hiawatha West – which is not in bankruptcy – failed to pay timely associate member dues or sewer charges, Lake Tansi suspended the associate membership interests of Hiawatha West and its owners and asked that Hiawatha West make arrangements to obtain sewer services for its property elsewhere.

sewer system is available only to the specific properties identified in the permit and only in strict conformity to the conditions and requirements stated in the permit.

5. Lake Tansi does not oppose a sale of the Hiawatha East or Hiawatha West properties. In fact, because those entities have failed to make all required payments to Lake Tansi (both pre- and post-petition), Lake Tansi would support the Sale Motion. However, it is imperative that a proposed buyer understand what services are – and are not – available upon a sale of the properties.

WHEREFORE, Lake Tansi respectfully submits this Response to the Sale Motion.

DATED the 15th day of December, 2025.

/s/ Jack W. Robinson, Jr.
Thomas H. Forrester, #010956
Jack W. Robinson, Jr., #011656
Gullett, Sanford, Robinson & Martin, PLLC
150 3rd Avenue South, Suite 1700
Nashville, Tennessee 37201
(615) 244-4994
tforrester@gsrm.com
jrobinson@gsrm.com
sselleaze@gsrm.com

*Attorneys for Lake Tansi Village Property Owners Association, Inc.*

## CERTIFICATE OF SERVICE

  I hereby certify that on December 15, 2025, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

              */s/ Jack W. Robinson, Jr*
              Jack W. Robinson, Jr.