**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

In re:                                                                        Chapter 11

Hiawatha Manor Association, Inc.,                             Case No. 25-01916

                 Debtor.                                                   Judge Randal S. Mashburn

_____

**REQUEST FOR U.S. TRUSTEE DETERMINATION**
**UNDER 11 U.S.C. §§ 1104(a) AND 1104(c)**

Movant, Linda Simmons, a timeshare owner and party in interest, respectfully submits

this Request for a determination by the United States Trustee pursuant to 11 U.S.C. §§ 1104(a)

and 1104(c).

---

**I. Statutory Framework**

Section 1104(a) of the Bankruptcy Code provides for the appointment of a Chapter 11

trustee where "cause" exists, including where the debtor's management lacks independence, is

subject to conflicts of interest, or where there is gross mismanagement of the affairs of the

debtor.

Section 1104(c) further provides for appointment of an examiner where such appointment

is in the interests of creditors, equity security holders, or other interests of the estate, or where an

independent investigation of the debtor's conduct, assets, liabilities, or financial condition is

warranted.

Case 2:25-bk-01916   Doc 139   Filed 01/12/26   Entered 01/12/26 21:46:37   Desc Main
Document     Page 1 of 4

## II. Prior Notice to the United States Trustee

The United States Trustee for Region 8 has received three written submissions from Movant identifying material issues concerning this case, including, among other things:

• the Management and Repositioning Services Agreement between the Debtor and Lemonjuice Solutions, LLC, was not disclosed in the initial schedules and was only listed in the bankruptcy filings after objections were raised;

• other management, purchase, or assignment agreements between the Debtor and Lemonjuice Solutions, LLC have not been disclosed on the bankruptcy schedules or otherwise made part of the public record;

• the contents and operative terms of management- and purchase-related contracts involving Lemonjuice Solutions, LLC have not been filed on the docket and therefore are not available for review by parties in interest through the court's public record without restriction;

• insider control and influence over both the Debtor (Hiawatha Manor Association, Inc. (East)) and the related non-debtor association (Hiawatha Manor West Association, Inc.);

• transfers of timeshare weeks and operating obligations between Hiawatha Manor Association, Inc. (East) and Hiawatha Manor West Association, Inc.;

• unexplained estate depletion and negative cash flow reflected in the Monthly Operating Reports, including large changes in net equity and inter-entity transfers that are not reconciled to identified sources of receipts or expenses;

• a pre-petition shift in the Debtor's financial structure in the 12 months preceding the bankruptcy from a member-funded association to a creditor-dominated enterprise driven by related-party financing, reflected in the rapid growth of receivables, related-party obligations, and deferred charges preceding the bankruptcy filing;

• the treatment of receivables as assets of the estate and as potential components of sale value or secured claims, without any docketed determination of their ownership, collectability, or whether they represent obligations of fully paid owners or related entities;

• continued post-petition operation of the resort and preparation of the Debtor's financial records by Lemonjuice Solutions, LLC without a motion to assume or reject the underlying management agreements under 11 U.S.C. § 365;

• extension of the Debtor's exclusivity period despite unresolved contract treatment, ongoing operating losses, and the absence of a viable reorganization, in a case that is being administered as a wind-down rather than a reorganization;

2

• the classification of Holiday Property Partners, LLC, a related Lemonjuice entity, as a secured creditor in the Debtor's schedules in the amount of $462,017.06, without any recorded lien or UCC filing appearing in the public record to support that secured status, and without the relationship being identified on Schedule D;

• the use of a private data room and nondisclosure agreements to control access to material documents rather than filing those documents on the public docket;

• the risk that material contracts, financial records, and ownership-defining documents are being maintained only in a private data room subject to return or destruction obligations at case close, leaving no durable public record for future fiduciaries, owners, or regulators;

• governance and board-authorization defects; and

• the risk that timeshare owners will be bound to post-petition obligations arising from pre-petition contracts that were not timely or fully disclosed.

These three submissions were provided directly to the United States Trustee's office on November 12, November 21, and December 5, 2025, in advance of this filing.

## III. Purpose of This Request

This request is not intended to restate those communications. It is submitted for the purpose of requesting a determination by the United States Trustee as to whether the matters described above, which implicate the standards in 11 U.S.C. §§ 1104(a) and 1104(c), warrant further action.  The issues raised concern, at a minimum:

• potential conflicts of interest and lack of independence;
• undisclosed or improperly disclosed insider agreements;
• governance and authority defects;
• selective disclosure of material information;
• potential preferential or insider transfers involving related entities; and
• continuing operational losses in a case structured for liquidation rather than rehabilitation.

These are precisely the circumstances for which Congress provided the trustee and examiner mechanisms in § 1104.

3

**IV. Requested Action**

Movant respectfully requests that the United States Trustee:

1.  Conduct the review required by 11 U.S.C. §§ 1104(a) and 1104(c) based on the information already provided to its office; and

2.  Determine whether the appointment of a Chapter 11 trustee or examiner is warranted in this case.

This Request is submitted for the purpose of ensuring that the statutory oversight framework established by Congress is meaningfully applied in a case involving thousands of individual timeshare owners, substantial insider involvement, and unresolved disclosure and governance issues.

Dated: January 12, 2026                         Respectfully submitted,


                                                /s/ Linda Simmons
                                                Linda Simmons
                                                9643 Chanteclair Circle
                                                Highlands Ranch, CO 80126
                                                Telephone: (615) 594-2866
                                                Email: lindasimmons2866@gmail.com


### CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2026, I served a true and correct copy of the foregoing Request for U.S. Trustee Determination Under 11 U.S.C. §§ 1104(a) AND 1104(c) via the Court's CM/ECF system on all registered participants, including:

- Blake D. Roth – Counsel for Debtor
- C. Scott Kunde – Counsel for Debtor
- Thomas H. Forrester – Counsel for Lake Tansi Village POA
- Rebecca J. Yielding – Trial Attorney, Office of the U.S. Trustee
- Office of the United States Trustee
- Michael E. Collins – Counsel for Hiawatha Manor West Association, Inc.
- S. Marc Buchman – Counsel for Hiawatha Manor West Association, Inc.

/s/ Linda Simmons
Linda Simmons
9643 Chanteclair Circle
Highlands Ranch, CO 80126
Telephone: (615) 594-2866
Email: lindasimmons2866@gmail.com