# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc. | Case No. 25-01916 |
| Debtor. | Judge Randal S. Mashburn |

**ORDER (I) APPROVING BIDDING PROCEDURES, (II) SCHEDULING AN AUCTION FOR AND A HEARING TO APPROVE THE SALE OF THE PROPERTIES, (III) APPROVING NOTICE OF RESPECTIVE DATE, TIME AND PLACE FOR THE AUCTION AND FOR A HEARING TO APPROVAL THE SALES (IV) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (V) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "***Motion***")[1] of the above-captioned debtor and debtor in possession (the "***Debtor***") for an order pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 6004-1, 6005-1, and 9013-1 of the Local Court Rules of the United States Bankruptcy Court for the Middle District of Tennessee; and this Court having considered the Motion, the arguments of counsel and the evidence presented at the hearing to consider the Motion, and the entire record; and due and sufficient notice of the Motion, hearing to consider the Motion, and the relief sought in the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any objections to the Motion (the "***Objections***"); and it appearing that the relief requested in the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

Motion is in the best interest of the Debtor, its estate, creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, hereby finds and determines that:

A. **Jurisdiction and Venue**. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

B. **Final Order**. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

C. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006.

D. **Notice**. The service of the Motion and the proposed entry of this Order was adequate and sufficient under the circumstances, and such notice complied with all applicable requirements under the Bankruptcy Code and the Bankruptcy Rules.

E. **Bidding Procedures**. The Debtor has articulated good and sufficient business reasons for the Court to approve the Bidding Procedures attached to the Motion as Exhibit B. The Bidding Procedures are fair, reasonable and appropriate and are designed to maximize the value of the proceeds of the sale of the Properties. The Bidding Procedures are reasonably designed to promote a competitive and robust bidding process to generate the greatest level of interest in the Properties.

F. **Business Justification**. Approval of the Bidding Procedures and consummation of the proposed Auction and sale of the Properties (the "*Sale*") is in the best interest of the Debtor, the estate, creditors, and other parties in interest. The Debtor has demonstrated good,

sufficient, and sound business purposes and justifications for the potential Sale to the Successful Bidder pursuant to section 363(b) of the Bankruptcy Code. Such business purposes and justifications include, but are not limited to, that the Bidding Procedures and the closing thereon will present the best opportunity to realize maximum value for the Property.

G. **Notice of Auction and Sale Hearing**. The Notice of Auction and Sale Hearing, the form of which is attached to the Motion as **Exhibit C**, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing, the Bidding Procedures, the Sale, and all relevant and important dates and objection deadlines with respect to the foregoing, and no other or further notice of the Motion, the Sale or the Auction shall be required.

H. **Good and Sufficient Cause**. There is other good and sufficient cause to grant the relief requested in the Motion and approve the Contract and the Sale.

I. **Legal and Factual Bases**. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**General Provisions**

1. The notice of the Motion and hearing are approved as being fair, reasonable, and adequate under the circumstances, and any additional notice as may otherwise be required under state and federal law is hereby deemed satisfied.

2. The Motion is **GRANTED** to the extent set forth herein.

3. All objections to the relief requested in the Motion or the entry of this Order, if any, that have not been withdrawn, waived, or settled as announced to the Court at the hearing are denied and overruled in their entirety on the merits, with prejudice.

**The Bidding Procedures**

4. The Bidding Procedures attached to the Motion as **Exhibit B**, all exhibits and schedules thereto, and all of the terms and conditions thereof are hereby approved, and shall govern the bids and proceedings related to the Sale of the Properties at the Auction. The procedures and requirements set forth in the Bidding Procedures, including those associated with submitting a "Qualified Bid," are fair, reasonable and appropriate, and are designed to maximize recoveries for the benefit of the Debtor's estate, creditors, and other parties in interests. The Debtor is authorized to take all actions ~~reasonable and~~reasonably necessary or appropriate to implement the Bidding Procedures.

**Auction, Sale Hearing, Objection Procedures**

5. **Bid Deadline**. As further described in the Bidding Procedures, (i) the deadline for submitting bids for the Properties (the "*Bid Deadline*") is ~~February 20~~May 19**, 2026 at 4:00 p.m. (prevailing Central Time)**. Except as otherwise set forth in the Bidding Procedures or this

3

Bidding Procedures Order, no bid shall be deemed to be a Qualified Bid unless such bid meets the requirements set forth in the Bidding Procedures.

6. **Auction**. The Debtor may sell the Properties by conducting an Auction in accordance with the Bidding Procedures. If the Debtor receives more than one Qualified Bid for certain of the Properties, the Debtor will conduct an auction for the relevant Properties in accordance with the Bidding Procedures, which shall take place ~~on **March 2, 2026 at 10:00 a.m. (prevailing Central Time)** at the offices of Holland & Knight LLP, 511 Union Street, Stuie 2700, Nashville, Tennessee 37219, or~~between **May 25, 20216 and May 27, 2026** utilizing Crexi's auction platform (or at such later time or such other place as the Debtor shall designate and notify to all Qualified Bidders who have submitted Qualified Bids).

7. **Sale Hearing**. The Sale Hearing shall be held before the Court on ~~March 17~~**June 9**, 2026 at 9:30 a.m. (prevailing Central Time) before the Honorable Judge Randal S. Mashburn, United States Bankruptcy Judge for the Bankruptcy Court for the Middle District of Tennessee, at 701 Broadway, Courtroom No. 1, Nashville, TN 37203. At the Sale Hearing, the Debtor will seek the entry of the Sale Order(s) approving and authorizing the Sale(s) to the Successful Bidder(s). The Sale Hearing (or any portion thereof) may be adjourned by the Court or the Debtors from time to time without further notice other than by announcement in open court, on the Court's calendar or through the filing of a notice or other document on the Court's docket.

8. **Sale Objection Deadline**. The deadline to object to the relief requested in the Motion, including entry of any proposed Sale Order (a "*Sale Objection*") is ~~February 19~~**March 2**, 2026 at 4:00 p.m. (prevailing Central Time) (the "*Sale Objection Deadline*"). A Sale

Objection must be filed with the Court and served in the manner set forth below so as to be actually received no later than the Sale Objection Deadline.

## Notice Procedures

9. Service of the Notice of Auction and Sale Hearing are sufficient to provide effective notice to all interested parties of, *inter alia*, the Bidding Procedures, the Auction, the Sale Hearing, the Sales, and the Assignment Procedures in accordance with Bankruptcy Rules 2002 and 6004, as applicable, and are approved.

10. On or before five (5) business days after entry of this Bidding Procedures Order, the Debtors will cause the Notice of Auction and Sale Hearing to be posted to the association websites for the Debtor and Hiawatha West, posted in the data room maintained by the Debtor, and sent by first-class mail postage prepaid, to the following: (a) the Office of the United States Trustee for the Middle District of Tennessee; (b) holders of the 30 largest unsecured claims against the Debtor; (c) the attorney general for the State of Tennessee; (d) the Internal Revenue Service; (e) all known taxing authorities for the jurisdictions to which the Debtor is subject; (f) all environmental authorities having jurisdiction over the Properties; (g) all state, local or federal agencies, having jurisdiction over any aspect of the Debtor's business operations; (h) all entities known or reasonably believed to have asserted a lien on any of the Properties; (i) counterparties to the Debtor's executory contracts and unexpired leases; (j) all persons that have expressed to the Debtor in interest in a transaction with respect to the Properties during the past six (6) months; (k) all of the Debtor's other known creditors and equity security holders; and (l) those parties who have formally filed a request for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 at the time of service.

11. Additionally, on or before five (5) business days after entry of this Bidding Procedures Order, the Debtor will cause the Notice of Auction and Sale Hearing to be posted to (a) the association websites for the Debtor and Hiawatha West and (b) to both data rooms established by the Debtor pursuant to the Protective Order [Docket No. 86].

**Additional Provisions**

12. The terms and provisions of the Bidding Procedures, the ancillary agreements, and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, any Successful Bidder, and their respective successors, and assigns, all creditors of (whether known or unknown) and holders of equity interests in the Debtor, and any affected third parties, notwithstanding the dismissal of the Debtor's case or any subsequent appointment of any trustee under any chapter of the Bankruptcy Code or conversion of the Debtor's case to a case under chapter 7, as to which Debtor such terms and provisions likewise shall be binding and not subject to rejection or avoidance. The Sale and this Order shall be enforceable against and binding upon and shall not be subject to rejection or avoidance by, any chapter 7 or chapter 11 Debtor appointed in the bankruptcy case. Further, nothing contained in any plan confirmed in the chapter 11 case or any order confirming any plan, or any other order entered in this case shall conflict with or derogate from the provisions of the Contract or the terms of this Order.

13. To the extent of any inconsistency between the provisions of this Order, the Bidding Procedures, and any documents executed in connection therewith, the provisions contained in this Order, the Bidding Procedures, and any documents executed in connection therewith shall govern, in that order.

14. Nothing in this Order, the Bidding Procedures or any document executed in connection with the consummation thereof shall authorize or constitute a transfer of title to

property which is excluded from the property of the Debtor's estate pursuant to section 541(b)(4) of the Bankruptcy Code

15. The provisions of this Order are non-severable and mutually dependent. Headings are included in this Order for ease of reference only.

16. The provisions of this Order authorizing the sale and assignment of the Properties free and clear of all liens, claims, encumbrances, and other interests shall be self-executing, and notwithstanding the failure of the Debtor or any other party to execute, file, or obtain releases, termination statements, assignments, consents, or other instruments to effectuate, consummate and/or implement the provisions hereof, all liens, claims, encumbrances, and other interests on or against such Property, if any, shall be deemed released, discharged, and terminated.

17. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and 6006(d), this Order shall be effective and enforceable immediately and shall not be stayed. Time is of the essence in closing the Sale. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being dismissed as moot.

18. This Court shall, to the fullest extent allowed by law, retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Bidding Procedures, all amendments thereto, and any waivers and consents thereunder, and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (a) interpret, implement, and enforce the provisions of this Order and the Bidding Procedures; and (b) adjudicate, if necessary, any and all disputes arising out of, concerning, or otherwise relating in any way to the Sale.

APPROVED FOR ENTRY:

7

Case 2:25-bk-01916   Doc 145-1   Filed 01/20/26   Entered 01/20/26 06:51:10   Desc
Revision Revised Proposed Order    Page 8 of 10

**HOLLAND & KNIGHT LLP**

  */s/ Blake D. Roth*
Blake D. Roth (Federal ID No. 2666808)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@hklaw.com
       Scott.Kunde@hklaw.com

*Counsel for the Debtor and Debtor in Possession*

8

Case 2:25-bk-01916   Doc 145-1   Filed 01/20/26   Entered 01/20/26 06:51:10   Desc Revision Revised Proposed Order   Page 9 of 10

| Summary report: Litera Compare for Word 11.11.0.158 Document comparison done on 1/19/2026 5:49:05 PM ||
|---|---|
| **Style name:** HK Comparison Style ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://hklaw.cloudimanage.com/active/517324729/4 - Hiawatha - Sale Motion - Ex A (Proposed Order).doc ||
| **Description:** Hiawatha - Sale Motion - Ex A (Proposed Order) ||
| **Modified DMS:** iw://hklaw.cloudimanage.com/active/517324729/5 - Hiawatha - Sale Motion - Ex A (Proposed Order).doc ||
| **Description:** Hiawatha - Sale Motion - Ex A (Proposed Order) ||
| **Changes:** ||
| Add | 8 |
| Delete | 5 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 13 |