# BIDDING PROCEDURES[1]

Set forth below are the bidding procedures (the "***Bidding Procedures***") to be used with respect to the sales or dispositions (the "***Sale***s" and each a "***Sale***") of those certain Units (as described in the Sale Motion) (the "***Properties***").

Additional information regarding the Properties can be obtained by contacting Debtor's attorney:

**Holland & Knight LLP**
Blake D. Roth
(612) 244-6380
blake.roth@hklaw.com

## I. Properties for Sale

The Sale of the Properties shall be subject to a competitive bidding process as set forth herein and approval by the United States Bankruptcy Court for the Middle District of Tennessee (the "***Bankruptcy Court***") pursuant to sections 105, 363, 365, and 1113 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002, 6003, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002-1, 6004-1, and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Middle District of Tennessee (the "***Local Rules***").

If the Debtor only receives one Qualified Bid (as defined below), for the Properties that are the subject of an Auction, then (a) the Debtor shall not hold such Auction; (b) the sole Qualified Bid will be deemed the Successful Bid (as defined below) with respect to the relevant Property; and (c) that Qualified Bidder will be named the Successful Bidder (as defined below) with respect to the relevant Property or Properties.

### A. Description of the Properties to Be Sold

The Debtor is seeking to sell the Properties (as defined below) on a going concern basis, which are more fully described in the Motion. The Properties include substantially all of the assets utilized by the Debtor's business, includes the real property, inventory, receivables, equipment, equipment leases, intellectual property, unexpired leases, contract rights, permits, books and records, and other assets related to the Debtor's business, as well as all intellectual property assets, certain contracts, (the "***Properties***").

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the *Debtor's Motion Pursuant to 11 U.S.C.§§ 105(A), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 And 6004 for an Order (I) Approving Bidding Procedures, (II) Scheduling an Auction for and a Hearing to Approve the Sale of Properties, (III) Approving Notice of Respective Date, Time and Place for Auction and for a Hearing on Approval of the Sale, (IV) Authorizing The Sale Of Certain Assets Free And Clear Of All Liens, Claims, Interests, and Encumbrances, (V) Approving The Assumption And Assignment Of Certain Executory Contracts, and (VI) Granting Related Relief* (the "***Motion***").

## II. Key Dates and Deadlines

| Sale Process Key Dates and Deadlines | |
|---|---|
| **January 20, 2026** | Hearing on Approval of the Bidding Procedures |
| **January 28, 2026** | Service of Notice of Motion for Summary Judgment, Summary Judgment Hearing, Auction, and Sale Hearing |
| **March 2, 2026** | Deadline for Responses to Motions for Summary Judgment |
| **March 12, 2026** | Deadline for Replies in Support of Motions for Summary Judgment |
| **March 17, 2026** | Hearing on Motions for Summary Judgment |
| **No less than 31 days prior to the Sale Hearing** | Deadline for Debtor to Provide Notice of Potential Assumption and Assignment |
| **No less than 10 days prior to the Sale Hearing** | Deadline to File Cure Costs/Assignment and Sale Objections |
| **May 19, 2026** | Bid Deadline |
| **May 22, 2026** | Determination of Qualified Bids |
| **May 25-27, 2026 via Crexi auction platform** | Auction |
| **May 28, 2026** | Deadline to File Post-Auction Objections |
| **June 4, 2026** | Deadline for Debtor to File Reply to Sale Objections and Post-Auction Objections |
| **June 9, 2026** | Sale Hearing |

## III. Determination by the Debtor

As appropriate throughout the Bidding Process, the Debtor shall (a) coordinate the efforts of Potential Bidders in conducting their respective due diligence, (b) evaluate bids from Potential Bidders on the Properties, (c) negotiate any bid made to acquire the Properties or any portion thereof, and (d) make such other determinations as are provided in these Bidding Procedures (collectively, the "***Bidding Process***").

### IV. Due Diligence

Up to and including to the Bid Deadline (such period, the "***Diligence Period***"), the Debtor shall afford any Potential Bidder such available due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtor, in its business judgment, determines to be reasonable and appropriate under the circumstances. All reasonable requests for additional information and due diligence access from such Potential Bidders shall be directed to Holland & Knight LLP, legal counsel to the Debtor. Each Potential Bidder shall be required to acknowledge that it has had an opportunity to conduct all of its due diligence regarding the Properties in conjunction with submitting its Bid (as defined below). Notwithstanding anything in the foregoing to the contrary, the Debtor reserves the right, in its reasonable discretion, to withhold or limit access to any information that the Debtor determines to be commercially sensitive or otherwise not appropriate to disclose to any Potential Bidder.

Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtor or its advisors regarding the ability of each Potential Bidder to consummate a sale transaction. Failure by a Potential Bidder to comply with reasonable requests for additional information and due diligence access may be a basis for the Debtor to determine that a bid made by such Potential Bidder is not a Qualified Bid.

### V. Bid Deadline

A Potential Bidder that desires to make a Bid on any of the Properties shall deliver copies of its Bid, in Microsoft Word format, by email to proposed counsel to the Debtor by no later than **May 19, 2026 at 5:00 p.m. (prevailing Central Time)** (the "***Bid Deadline***").

### VI. Bid Requirements

All bids (each hereinafter, a "***Bid***") with respect to the Sale of the Properties, must (collectively, the "***Bid Requirements***") be accompanied by a letter or email:

(a) disclosing the identity of the person or entity submitting the Bid, as well as any party participating in or otherwise supporting the Bid, and the terms of any such participation or support (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the Bid);

(b) stating with specificity the Property(ies) such Potential Bidder wishes to bid on and the liabilities and obligations to be assumed by the Potential Bidder;

(c) accompanied by a duly executed purchase agreement (the "***Purchase Agreement***");

(d) agreeing that the Potential Bidder's offer is binding and irrevocable until the later of (x) the Closing Date, or (y) twenty (20) days after the Sale Hearing (unless selected as the Next-Highest Bidder (as defined below) in which case such offer will remain open and binding on the Next-Highest Bidder until the Closing Date);

(e) providing for a Closing Date that is consistent with the schedule contemplated herein;

(f) providing that such Bid is not subject to any due diligence or financing contingency;

(g) including evidence, in form and substance reasonably satisfactory to the Debtor, of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the transactions contemplated by the Purchase Agreement;

(h) including an acknowledgement and representation that the Qualified Bidder: (i) has had an opportunity to conduct any and all required due diligence regarding the Properties prior to making its offer; (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Properties in making its bid; (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Properties or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Purchase Agreement; and (iv) is not entitled to any expense reimbursement or break-up fee in connection with its bid unless expressly agreed to the contrary by Debtor prior to the Bid Deadline;

(i) providing an affirmative statement that: (i) the Qualified Bidder submitting such Bid has acted in good faith consistent with section 363(m) Bankruptcy Code and not in any manner prohibited by section 363(n) of the Bankruptcy Code; (ii) the Qualified Bidder submitting such Bid has and will continue to comply with the Bidding Procedures; and (iii) the Qualified Bidder submitting such Bid waives any substantial contribution (administrative expense) claims under section 503(b) of the Bankruptcy Code related to the bidding for the Debtor's assets or otherwise participating in the Auction;

(j) providing that the Potential Bidder agrees to serve as a backup bidder (the "***Next-Highest Bidder***") if the Potential Bidder's Qualified Bid is the next highest and otherwise best bid after the Successful Bid (the "***Next-Highest Bid***") with respect to the relevant Properties that are the subject of such Bid and further on the condition that any such Successful Bid is for all of the same assets as the Next Highest Bid;

(k) offering to pay an amount that the Debtor determines constitutes a fair and adequate price, the acceptance of which would be in the best interests of the estate;

(l) providing adequate assurance of future performance information (the "***Adequate Assurance Information***"), and all such information subject to appropriate confidentiality, including (i) information about the Potential Bidder's financial condition, such as federal tax returns for two years, a current financial statement, or bank account statements, (ii) information demonstrating (in the Debtor's reasonable business judgment) that the Potential Bidder has the financial capacity

to consummate the proposed Sale, (iii) evidence that the Potential Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid, (iv) the identity and exact name of the Potential Bidder (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale), and (v) such additional information regarding the Potential Bidder as the Potential Bidder may elect to include. By submitting a Bid, Potential Bidders agree that the Debtor may disseminate their Adequate Assurance Information to affected counterparties in the event that the Debtor determines such bid to be a Qualified Bid; and

(m) be accompanied by (i) a deposit in cash in the form of a certified check or wire transfer, payable to the order of the Debtor, in the amount of ten percent (10%) of the Bid, which funds will be deposited into an interest bearing escrow account to be identified and established by the Debtor (a "**_Good Faith Deposit_**") and (ii) written evidence, documented to the Debtor's satisfaction, that demonstrates the Potential Bidder has available cash, a commitment for financing if selected as the Successful Bidder with respect to the relevant Properties and such other evidence of ability to consummate the transaction(s) as the Debtor may request, including proof that such funding commitments or other financing are not subject to any internal approvals, syndication requirements, diligence or credit committee approvals (provided that such commitments may have covenants and conditions acceptable to the Debtor).

The Debtor, in consultation with the Board of Hiawatha West, will review each Bid received from a Potential Bidder to determine whether it meets the requirements set forth above. A Bid received from a Potential Bidder that meets the above requirements, and is otherwise satisfactory to the Debtor, will be considered a "**_Qualified Bid_**" and each Potential Bidder that submits a Qualified Bid will be considered a "**_Qualified Bidder_**."

A Qualified Bid will be valued by the Debtor based upon any and all factors that the Debtor reasonably deems pertinent in the Debtor's reasonable business judgment, including, among others, (a) the amount of the Qualified Bid, (b) the risks and timing associated with consummating the transaction(s) with the Qualified Bidder, (c) any excluded assets or executory contracts and leases, and (d) any other factors that the Debtor may reasonably deem relevant.

The Debtor, in its business judgment reserves the right to reject any Bid if such Bid, among other things:

(n) requires any indemnification of the Potential Bidder in its Purchase Agreement;

(o) is not received by the Bid Deadline;

(p) is subject to any contingencies (including representations, warranties, covenants and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the relevant Properties;

(q) seeks any bid protections; or

(r) does not, in the Debtor's determination, include a fair and adequate price or the acceptance of which would not be in the best interests of the Debtor's estate.

Any Bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid. If any Bid is so rejected, the Debtor shall cause the Good Faith Deposit of such Potential Bidder to be refunded to it within five (5) business days after the Bid Deadline.

## VII. Aggregate Bids

The Debtor may aggregate separate bids from unaffiliated persons to create one "Qualified Bid," including at the Auction, with respect to bids for separate portions of the Properties, to determine the highest and otherwise best Qualified Bid(s); provided that all Qualified Bidders shall remain subject to the provisions of 11 U.S.C. § 363(n) regarding collusive bidding. The aggregation of bids will not be determinative of any allocation of the overall purchase price to the Properties that are sold.

## VIII. Credit Bid

Any bidder (or any designee thereof) holding a perfected security interest in any of the Properties may seek to credit bid all, or a portion of, such bidder's claims for its respective collateral in accordance with section 363(k) of the Bankruptcy Code (each such bid, a "***Credit Bid***"); provided, that, except as otherwise provided in the Bidding Procedures or the Bidding Procedures Order, such Credit Bid complies with the terms of the Bidding Procedures, including payment of any administrative costs of the Sale(s) in cash.

## IX. Auction Procedures

Auction Time and Location. If the Debtor receives more than one Qualified Bid for the Properties, the Debtor will conduct an auction for the relevant Properties (the "***Auction***") between **May 25, 2026 and May 27, 2026 (prevailing Central Time)** utilizing Crexi's auction platform (or such later time or by such other method(s) as the Debtor shall designate and notify to all Qualified Bidders who have submitted Qualified Bids) for consideration of the Qualified Bids, each as may be increased at the Auction.

If the Debtor only receives one Qualified Bid for the Properties that are the subject of the Auction, then: (a) the Debtor shall not be required to hold an Auction with respect to the relevant Properties; (b) the sole Qualified Bid may be deemed the Successful Bid with respect to the relevant Properties; and (c) that Qualified Bidder may be named the Successful Bidder with respect to the relevant Properties.

Participants and Attendees. Unless otherwise ordered by the Bankruptcy Court for cause shown, only the Qualified Bidders are eligible to participate at the Auction. At least one (1) day prior to the Auction, each Qualified Bidder must inform the Debtor in writing whether it intends to participate in the Auction. Professionals and principals for the Debtor, Hiawatha Manor West, and each Qualified Bidder shall be able to attend and observe the Auction, along with any other party the Debtor deems appropriate.

Each Qualified Bidder participating in the Auction will be required to confirm in writing and on the record at the Auction that (i) it has not engaged in any collusion with respect to the Auction or the submission of any bid for any of the Properties and (ii) its Qualified Bid that gained the Qualified Bidder admission to participate in the Auction and each Qualified Bid submitted by the Qualified Bidder at the Auction is a binding, good-faith and *bona fide* offer to purchase the Properties identified in such bids.

Auction Packages. Prior to the commencement of the Auction, respectively, the Debtor will make a determination regarding the Properties for which the Debtor will conduct an Auction (each such asset or group of assets, an "***Auction Package***").

Starting Bids. Prior to the commencement of the Auction, the Debtor will determine, in its business judgment, the highest and otherwise best Qualified Bid submitted for each Auction Package (each such Qualified Bid, a "***Starting Bid***"), which determination will be communicated to Qualified Bidders prior to the commencement of the Auction. Bidding for each Auction Package at the Auction shall commence at the amount of the applicable Starting Bid.

Incremental Overbids. Bidding at the Auction for an Auction Package will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one subsequent bid (a "***Subsequent Bid***") is submitted by a Qualified Bidder that (i) improves on such Qualified Bidder's immediately prior Qualified Bid and (ii) the Debtor determines that such Subsequent Bid is (A) for the first round, a higher and otherwise better offer than the Starting Bid, and (B) for subsequent rounds, a higher and otherwise better offer than the immediately prior Leading Bid (as defined below).

The Debtor will announce at the outset of the Auction the minimum required increments for Successive Bids (each, such bid, a "***Incremental Overbid***"). The Debtor may, in its discretion, announce increases or reductions to Incremental Overbids at any time during the Auction.

Upon a Qualified Bidder's declaration of a Bid at the Auction, the Qualified Bidder must state on the record its commitment to pay within two (2) business days following the Auction, if such bid were to be selected as the Successful Bid or as the Backup Bid for the applicable Auction Package, the incremental amount of the Qualified Bidder's Good Faith Deposit calculated based on the increased purchase price of such Bid (such Good Faith Deposit so increased, the "***Incremental Deposit Amount***") if applicable.

Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by any Bid subsequent to a Starting Bid, the Debtor will, at each round of bidding, consider and/or give effect to (a) any additional liabilities to be assumed by a Qualified Bidder under the Bid, including whether such liabilities are secured or unsecured, and (b) any additional costs that may be imposed on the Debtor.

Leading Bid. After the first round of bidding and between each subsequent round of bidding, the Debtor will announce the Bid that it believes to be the highest and otherwise best offer for the applicable Auction Package (each such bid, a "***Leading Bid***") and describe the material terms thereof. Each round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the material terms of the

Leading Bid, subject to the Debtor's authority to revise the Auction procedures to the extent permitted by the Bidding Procedures.

Evaluation of Bids. The Debtor, in consultation with the Board of Hiawatha Manor West, shall have the right to determine, in its business judgment, which Bid is the highest and otherwise best Bid with respect to an applicable Auction Package and may consider any and all relevant factors including (a) the amount and nature of the total consideration, (b) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof, (c) the tax consequences of such Bid, (d) and any other considerations that may impact the Debtor's estate and its stakeholders. Further, in accordance with the terms of these Bidding Procedures, the Debtor may reject, at any time, without liability, any bid that the Debtor deems to be inadequate or insufficient, not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, these Bidding Procedures, any order of the Court, or the best interests of the Debtor and its estate.

Successful Bids and Next-Highest Bids. Immediately prior to the conclusion of each Auction, the Debtor will (a) determine, consistent with these Bidding Procedures, which Qualified Bid constitutes the highest and otherwise best Bid(s) for each Auction Package (each such Bid, a "***Successful Bid***") and Next-Highest Bid for each Auction Package and (b) notify all Qualified Bidders at the Auction of the identity of the bidder that submitted the Successful Bid for such Auction Package (each such bidder, a "***Successful Bidder***") and the amount of the purchase price and other material terms of the Successful Bid. As a condition to remaining the Successful Bidder, the Successful Bidder shall, within two (2) business days after the conclusion of the Auction, (i) if applicable, wire to the Debtor in immediately available funds the Incremental Deposit Amount, calculated based on the purchase price in the Successful Bid(s) and (ii) submit to the Debtor fully executed documentation memorializing the terms of the Successful Bid(s). Any Next-Highest Bidders shall also, within two (2) business days after the conclusion of the Auction, if applicable, wire to the Debtor in immediately available funds the Incremental Deposit Amount, calculated based on the purchase price in the Next-Highest Bid(s).

As soon as practicable following conclusion of each Auction, the Debtor shall file a notice on the Bankruptcy Court's docket identifying the Successful Bidder(s) for the applicable Properties and any applicable Next-Highest Bidder(s) with respect to such Auction. Notwithstanding the selections of the Successful Bidder(s) and the Next-Highest Bidder(s), all bids are **binding and irrevocable** until the later of (i) the Closing Date, or (ii) thirty (30) days after the Sale Hearing (unless selected as the Next-Highest Bidder, in which case such offer will remain open until the relevant Closing Date).

## X. Jurisdictional Content

All bidders at the Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sales and all other agreements entered into in connection with any proposed Sale. Such consent and waiver shall apply to the extent that it is later determined that the Bankruptcy Court, absent consent, cannot enter final orders or judgments with regard to the foregoing matters consistent with Article III of the United States Constitution.

## XI. Acceptances of Qualified Bids

The Debtor's presentation to the Bankruptcy Court for approval of a selected Qualified Bid as a Successful Bid does not constitute the Debtor's acceptance of such Bid. The Debtor will have accepted a Successful Bid only when such Successful Bid has been approved by the Bankruptcy Court at the Sale Hearing. The Debtor intends to close the Sales on or before **June 12, 2026** unless another time or date, or both, are agreed to in writing by the Debtor and the Successful Bidder (each, a "*Closing Date*").

## XII. Sale Hearing

Each Successful Bid and any Next-Highest Bid will be subject to approval by the Bankruptcy Court. The hearing to approve a Successful Bid and any Next-Highest Bid shall take place on **June 9, 2026 at 9:30 a.m. (prevailing Central time)** (the "*Sale Hearing*"). The Sale Hearing may be adjourned by the Debtor from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice, which may be a hearing agenda stating the adjournment, on the docket of the Debtor's chapter 11 case.

At the Sale Hearing, the Debtor will seek entry of orders that, among other things: (i) authorize and approve the Sale(s) to the Successful Bidder(s) and/or the Next-Highest Bidder(s), (ii) includes a finding that the Successful Bidder(s) and/or the Next-Highest Bidder(s) is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code, and (iii) as appropriate, exempts the Sale(s) and conveyances of the Properties from any transfer tax, stamp tax or similar tax, or deposit under any applicable bulk sales statute.

## XIII. Return of Good Faith Deposit

The Good Faith Deposits of all Potential Bidders shall be held in escrow by the Debtor but shall not become property of the Debtor's estate absent further order of the Bankruptcy Court. The Good Faith Deposits of all Potential Bidders shall be retained by the Debtor, notwithstanding Bankruptcy Court approval of the relevant Sale, until three (3) business days after the earlier of (a) the applicable Closing Date(s), or (b) ten (10) days following the Sale Hearing; provided, however, that the Good Faith Deposit of each Next-Highest Bidder shall be retained until three (3) business days after the applicable Closing Date. The Debtor shall retain any Good Faith Deposit submitted by each Successful Bidder. At the closing of a Sale contemplated by a Successful Bid, the applicable Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit to the extent such a deposit was provided.

If a Successful Bidder fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then as applicable (and as such agreements may be amended or modified at the Auction), the Debtor and its estate shall be entitled to retain the Good Faith Deposit of such Successful Bidder as part of the damages resulting to the Debtor and its estate for such breach or failure to perform.

### XIV. Reservation of Rights and Modifications

Notwithstanding any of the foregoing, the Debtor and its estate, in the exercise of its fiduciary obligations, reserve the right to modify these Bidding Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Properties in any manner, or the order approving these Bidding Procedures and that will best promote the goals of the bidding process, including, without limitation, to extend the deadlines set forth herein, modify bidding increments, waive terms and conditions set forth herein with respect to any or all Potential Bidders (including, without limitation, the Bid Requirements), impose additional terms and conditions with respect to any or all potential bidders, adjourn, postpone, close, re-open following closure, or cancel the Auction at or prior to the Auction, and adjourn or reschedule the Sale Hearing.

### XV. Next-Highest Bidder

Notwithstanding any of the foregoing, in the event that a Successful Bidder fails to close a Sale prior to such date as specified in the applicable Purchase Agreement or Sale Order (or such date as may be extended by the Debtor), the Debtor, in consultation with the Board of Hiawatha Manor West, upon written notice to the Next-Highest Bidder, may designate the applicable Next-Highest Bid as the Successful Bid for the applicable Property or Properties, the Next-Highest Bidder will be deemed to be the Successful Bidder for such Property or Properties, and the Debtor will be authorized, but not directed, to close the Sale to the Next-Highest Bidder subject to the terms of the Next-Highest Bid without the need for further order of the Bankruptcy Court and without the need for further notice to any interested parties.

*[The remainder of this page is intentionally left blank]*