In re:                                                          Case No. 25-01916-RSM

Hiawatha Manor Association, Inc.                                Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0650-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jan 21, 2026 | Form ID: pdf001 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 23, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Hiawatha Manor Association, Inc., 7380 W SAND LAKE RD SUITE 130, ORLANDO, FL 32819-5285 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 23, 2026        Signature:        /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on January 21, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| BLAKE ROTH | on behalf of Debtor Hiawatha Manor Association  Inc. blake.roth@hklaw.com, brooke.freeman@hklaw.com;cathy.thomas@hklaw.com |
| Christopher Scott Kunde, Jr | on behalf of Debtor Hiawatha Manor Association  Inc. scott.kunde@hklaw.com |
| Jack W Robinson, Jr | on behalf of Creditor Lake Tansi Village Property Owners Association  Inc. jrobinsonjr@gsrm.com, djames@gsrm.com |
| MICHAEL EDWARD COLLINS | on behalf of Creditor Hiawatha Manor West Association  LLC mcollins@manierherod.com, TN44@ecfcbis.com;cburu@manierherod.com;dbouldin@manierherod.com;mbuchman@manierherod.com |
| REBECCA JO YIELDING | on behalf of U.S. Trustee US TRUSTEE Rebecca.J.Yielding@usdoj.gov |

District/off: 0650-2

Date Rcvd: Jan 21, 2026

User: admin

Form ID: pdf001

Page 2 of 2

Total Noticed: 1

THOMAS H. FORRESTER

on behalf of Creditor Lake Tansi Village Property Owners Association  Inc. tforrester@gsrm.com, djames@gsrm.com;djoscelyn@gsrm.com

US TRUSTEE

ustpregion08.na.ecf@usdoj.gov

TOTAL: 7

**SO ORDERED.**
**SIGNED 21st day of January, 2026**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

*Randal S. Mashburn*
**Randal S. Mashburn**
**Chief U.S. Bankruptcy Judge**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc. | Case No. 25-01916 |
| Debtor. | Judge Randal S. Mashburn |

**ORDER (I) APPROVING BIDDING PROCEDURES, (II) SCHEDULING AN AUCTION FOR AND A HEARING TO APPROVE THE SALE OF THE PROPERTIES, (III) APPROVING NOTICE OF RESPECTIVE DATE, TIME AND PLACE FOR THE AUCTION AND FOR A HEARING TO APPROVAL THE SALES (IV) AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (V) APPROVING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS, AND (VI) GRANTING RELATED RELIEF**

**Notice: Approval of the sale addressed by this order is conditioned upon the outcome of two adversary proceedings referenced herein that seek approval to sell the interests of co-owners of the Hiawatha East Property and Hiawatha West Property**

On May 6, 2025, Hiawatha Manor Association, Inc. (the "***Debtor***") filed with the United States Bankruptcy Court for the Middle District of Tennessee (the "***Bankruptcy Court***") the: (a) *Complaint to Sell Estate's Interest and Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h) (Hiawatha East)*, commencing adversary proceeding number 2:25-ap-90051 (the "***Hiawatha East Adversary Proceeding***"); and (b) *Complaint to Sell Estate's Interest and Co-Owners' Interest in Real Property Pursuant to 11 U.S.C. § 363(h) (Hiawatha West)*, commencing adversary proceeding number 2:25-ap-90052 (the "***Hiawatha West Adversary Proceeding***").

On January 19, 2026, the Debtor filed with the Bankruptcy Court: (a) in the Hiawatha East Adversary Proceeding, a motion seeking entry of summary judgment, permitting the Debtor to sell its interests along with the interests of co-owners in the Hiawatha East Property, pursuant to section 363(h) of the Bankruptcy Code and further order(s) of this Court; and (b) in the Hiawatha West Adversary Proceeding, a motion seeking entry of summary judgment, permitting the Debtor to sell its interests along with the interests of co-owners in the Hiawatha West Property, pursuant to section 363(h) of the Bankruptcy Code and further order(s) of this Court (collectively, the "***Motions for Summary Judgment***"). By separate order, the Court is establishing a schedule for resolution of the Motions for Summary Judgment.

Upon consideration of the motion (the "***Motion***")[1] of the Debtor for an order pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "***Bankruptcy Code***") and Rules 2002, 6004, 6006, 9007, and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 6004-1, 6005-1, and 9013-1 of the Local Court Rules of the United States Bankruptcy Court for the Middle District of Tennessee; and subject entirely to the final resolution of the outstanding Motions for Summary Judgment; and this Court having considered the Motion, the arguments of counsel and the evidence presented at the hearing to consider the Motion, and the entire record; and due and sufficient notice of the Motion, hearing to consider the Motion, and the relief sought in the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and any objections to the Motion (the "***Objections***"); and it appearing that the relief requested in the Motion is in the best interest of the Debtor, its estate, creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefor, hereby finds and determines that:

A.   **Jurisdiction and Venue**. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, the consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

B.   **Final Order**. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

C. **Statutory Predicates**. The statutory predicates for the relief sought in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code and Bankruptcy Rules 2002,6004, and 6006.

D. **Notice**. The service of the Motion and the proposed entry of this Order was adequate and sufficient under the circumstances, and such notice complied with all applicable requirements under the Bankruptcy Code and the Bankruptcy Rules.

E. **Bidding Procedures**. The Debtor has articulated good and sufficient business reasons for the Court to approve the Bidding Procedures attached hereto. The Bidding Procedures appear to be fair, reasonable and appropriate, and designed to maximize the value of the proceeds of the sale of the Properties and to promote a competitive bidding process to generate the greatest level of interest in the Properties, subject to consideration of any objections to the ultimate approval of the sale that may be raised pursuant to the schedule herein.

F. **Business Justification**. Approval of the Bidding Procedures and consummation of the proposed Auction and sale of the Properties (the "*Sale*") is in the best interest of the Debtor, the estate, creditors, and other parties in interest. The Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the potential Sale to the Successful Bidder pursuant to section 363(b) of the Bankruptcy Code. Such business purposes and justifications include, but are not limited to, that the Bidding Procedures and the closing thereon will present the best opportunity to realize maximum value for the Property.

G. **Notice of Auction and Sale Hearing**. The Notice of Auction and Sale Hearing, the form of which is attached hereto, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Hearing, the Bidding Procedures, the Sale, and all relevant and important dates and objection deadlines with respect to the foregoing, and no other or further notice of the Motion, the Sale or the Auction shall be required.

H. **Good and Sufficient Cause**. There is other good and sufficient cause to grant the relief requested in the Motion and approve the Contract and the Sale.

I. **Legal and Factual Bases**. The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of facts are

conclusions of law, they are adopted as such. To the extent any conclusions of law are findings of fact, they are adopted as such. The Court's findings shall also include any oral findings of fact and conclusions of law made by the Court during or at the conclusion of the hearing.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

<u>**General Provisions**</u>

1. The notice of the Motion and hearing are approved as being fair, reasonable, and adequate under the circumstances, and any additional notice as may otherwise be required under state and federal law is hereby deemed satisfied.

2. The Motion is **GRANTED** to the extent set forth herein.

3. Based on a hearing conducted on January 20, 2026, no objections to the Motion are being pursued by any party, with the understanding that all rights that may be asserted in the Hiawatha East Adversary Proceeding or the Hiawatha West Adversary Proceeding are reserved, along with issues that may be raised in conjunction with the Sale Objection Deadline and Sale Hearing referenced below.

<u>**The Bidding Procedures**</u>

4. The Bidding Procedures attached hereto, all exhibits and schedules thereto, and all of the terms and conditions thereof are hereby approved and shall govern the bids and proceedings related to the Sale of the Properties at the Auction. The procedures and requirements set forth in the Bidding Procedures, including those associated with submitting a "Qualified Bid," are fair, reasonable and appropriate, and are designed to maximize recoveries for the benefit of the Debtor's estate, creditors, and other parties in interests. The Debtor is authorized to take all actions reasonably necessary or appropriate to implement the Bidding Procedures.

<u>**Auction, Sale Hearing, Objection Procedures**</u>

5. **Bid Deadline**. As further described in the Bidding Procedures, (i) the deadline for submitting bids for the Properties (the "***Bid Deadline***") is **May 19, 2026, at 4:00 p.m. (prevailing Central Time)**. Except as otherwise set forth in the Bidding Procedures or this Bidding Procedures Order, no bid shall be deemed to be a Qualified Bid unless such bid meets the requirements set forth in the Bidding Procedures.

6.    **Auction**. The Debtor may sell the Properties by conducting an Auction in accordance with the Bidding Procedures. If the Debtor receives more than one Qualified Bid for certain of the Properties, the Debtor will conduct an auction for the relevant Properties in accordance with the Bidding Procedures, which shall take place between **May 25, 2026, and May 27, 2026,** utilizing Crexi's auction platform (or at such later time or such other place as the Debtor shall designate and notify to all Qualified Bidders who have submitted Qualified Bids).

7.    **Sale Hearing**. The Sale Hearing shall be held before the Court on **June 9, 2026, at 9:30 a.m. (prevailing Central Time)** before the Honorable Judge Randal S. Mashburn, United States Bankruptcy Judge for the Bankruptcy Court for the Middle District of Tennessee, at 701 Broadway, Courtroom 1, Nashville, TN 37203. At the Sale Hearing, the Debtor will seek the entry of the Sale Order(s) approving and authorizing the Sale(s) to the Successful Bidder(s). The Sale Hearing (or any portion thereof) may be adjourned by the Court or the Debtors from time to time without further notice other than by announcement in open court, on the Court's calendar or through the filing of a notice or other document on the Court's docket.

8.    **Sale Objection Deadline**. The deadline to object to the relief requested in the Motion, including entry of any proposed Sale Order (a "***Sale Objection***") is **March 9, 2026, at 4:00 p.m. (prevailing Central Time)** (the "***Sale Objection Deadline***"). A Sale Objection must be filed with the Court and served in the manner set forth below so as to be actually received no later than the Sale Objection Deadline.

### Notice Procedures

9.    Service of the Notice of Auction and Sale Hearing is sufficient to provide effective notice to all interested parties of, *inter alia*, the Bidding Procedures, the Auction, the Sale Hearing, the Sales, and the Assignment Procedures in accordance with Bankruptcy Rules 2002 and 6004, as applicable, and are approved.

10.    On or before five (5) business days after entry of this Bidding Procedures Order, the Debtors will cause the Notice of Auction and Sale Hearing to be posted to the association websites for the Debtor and Hiawatha West, posted in the data room maintained by the Debtor, and sent by first-class mail postage prepaid, to the following: (a) the Office of the United States Trustee for the Middle District of Tennessee; (b) holders of the 30 largest unsecured claims against the Debtor; (c) the attorney general for the State of Tennessee; (d) the Internal Revenue Service;

(e) all known taxing authorities for the jurisdictions to which the Debtor is subject; (f) all environmental authorities having jurisdiction over the Properties; (g) all state, local or federal agencies, having jurisdiction over any aspect of the Debtor's business operations; (h) all entities known or reasonably believed to have asserted a lien on any of the Properties; (i) counterparties to the Debtor's executory contracts and unexpired leases; (j) all persons that have expressed to the Debtor in interest in a transaction with respect to the Properties during the past six (6) months; (k) all of the Debtor's other known creditors and equity security holders; and (l) those parties who have formally filed a request for notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002 at the time of service.

11.     Additionally, on or before five (5) business days after entry of this Bidding Procedures Order, the Debtor will cause the Notice of Auction and Sale Hearing to be posted to (a) the association websites for the Debtor and Hiawatha West and (b) to both data rooms established by the Debtor pursuant to the Protective Order [Docket No. 86].

## **Additional Provisions**

12.     The terms and provisions of the Bidding Procedures, the ancillary agreements, and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, any Successful Bidder, and their respective successors, and assigns, all creditors of (whether known or unknown) and holders of equity interests in the Debtor, and any affected third parties, notwithstanding the dismissal of the Debtor's case or any subsequent appointment of any trustee under any chapter of the Bankruptcy Code or conversion of the Debtor's case to a case under chapter 7, as to which Debtor such terms and provisions likewise shall be binding and not subject to rejection or avoidance. The Sale and this Order shall be enforceable against and binding upon and shall not be subject to rejection or avoidance by, any chapter 7 or chapter 11 Debtor appointed in the bankruptcy case. Further, nothing contained in any plan confirmed in the chapter 11 case or any order confirming any plan, or any other order entered in this case shall conflict with or derogate from the provisions of the Contract or the terms of this Order.

13.     To the extent of any inconsistency between the provisions of this Order, the Bidding Procedures, and any documents executed in connection therewith, the provisions contained in this Order, the Bidding Procedures, and any documents executed in connection therewith shall govern, in that order.

14. Nothing in this Order, the Bidding Procedures or any document executed in connection with the consummation thereof shall authorize or constitute a transfer of title to property which is excluded from the property of the Debtor's estate pursuant to section 541(b)(4) of the Bankruptcy Code

15. The provisions of this Order are non-severable and mutually dependent. Headings are included in this Order for ease of reference only.

16. The provisions of this Order authorizing the sale and assignment of the Properties free and clear of all liens, claims, encumbrances, and other interests shall be self-executing, and notwithstanding the failure of the Debtor or any other party to execute, file, or obtain releases, termination statements, assignments, consents, or other instruments to effectuate, consummate and/or implement the provisions hereof, all liens, claims, encumbrances, and other interests on or against such Property, if any, shall be deemed released, discharged, and terminated.

17. Notwithstanding the provisions of Bankruptcy Rule 6004(h) and 6006(d), this Order shall be effective and enforceable immediately and shall not be stayed. Time is of the essence in closing the Sale. Any party objecting to this Order must exercise due diligence in filing an appeal and pursuing a stay, or risk its appeal being dismissed as moot.

18. This Court shall, to the fullest extent allowed by law, retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Bidding Procedures, all amendments thereto, and any waivers and consents thereunder, and each of the agreements executed in connection therewith, including, but not limited to, retaining jurisdiction to: (a) interpret, implement, and enforce the provisions of this Order and the Bidding Procedures; and (b) adjudicate, if necessary, any and all disputes arising out of, concerning, or otherwise relating in any way to the Sale.

IT IS SO ORDERED.

# BIDDING PROCEDURES[1]

Set forth below are the bidding procedures (the "***Bidding Procedures***") to be used with respect to the sales or dispositions (the "***Sale***s" and each a "***Sale***") of those certain Units (as described in the Sale Motion) (the "***Properties***").

Additional information regarding the Properties can be obtained by contacting Debtor's attorney:

**Holland & Knight LLP**
Blake D. Roth
(612) 244-6380
blake.roth@hklaw.com

## I. Properties for Sale

The Sale of the Properties shall be subject to a competitive bidding process as set forth herein and approval by the United States Bankruptcy Court for the Middle District of Tennessee (the "***Bankruptcy Court***") pursuant to sections 105, 363, 365, and 1113 of title 11 of the United States Code (the "***Bankruptcy Code***"), Rules 2002, 6003, 6004, 6006, 9007, 9008 and 9014 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), and Rules 2002-1, 6004-1, and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Middle District of Tennessee (the "***Local Rules***").

If the Debtor only receives one Qualified Bid (as defined below), for the Properties that are the subject of an Auction, then (a) the Debtor shall not hold such Auction; (b) the sole Qualified Bid will be deemed the Successful Bid (as defined below) with respect to the relevant Property; and (c) that Qualified Bidder will be named the Successful Bidder (as defined below) with respect to the relevant Property or Properties.

### A. Description of the Properties to Be Sold

The Debtor is seeking to sell the Properties (as defined below) on a going concern basis, which are more fully described in the Motion. The Properties include substantially all of the assets utilized by the Debtor's business, includes the real property, inventory, receivables (excluding any claims of the Debtor for money owed by co-owners), equipment, equipment leases, intellectual property, unexpired leases, contract rights, permits, books and records, and other assets related to the Debtor's business, as well as all intellectual property assets, certain contracts, (the "***Properties***").

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the *Debtor's Motion Pursuant to 11 U.S.C.§§ 105(A), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002 And 6004 for an Order (I) Approving Bidding Procedures, (II) Scheduling an Auction for and a Hearing to Approve the Sale of Properties, (III) Approving Notice of Respective Date, Time and Place for Auction and for a Hearing on Approval of the Sale, (IV) Authorizing The Sale Of Certain Assets Free And Clear Of All Liens, Claims, Interests, and Encumbrances, (V) Approving The Assumption And Assignment Of Certain Executory Contracts, and (VI) Granting Related Relief* (the "*Motion*").

## II. Key Dates and Deadlines

| Sale Process Key Dates and Deadlines | |
|---|---|
| **January 20, 2026** | Hearing on Approval of the Bidding Procedures |
| **January 28, 2026** | Service of Notice of Motion for Summary Judgment, Summary Judgment Hearing, Auction, and Sale Hearing |
| **March 9, 2026** | Deadline for Responses to Motions for Summary Judgment |
| **March 19, 2026** | Deadline for Replies in Support of Motions for Summary Judgment |
| **March 31, 2026** | Hearing on Motions for Summary Judgment |
| **No less than 31 days prior to the Sale Hearing** | Deadline for Debtor to Provide Notice of Potential Assumption and Assignment |
| **No less than 10 days prior to the Sale Hearing** | Deadline to File Cure Costs/Assignment and Sale Objections |
| **May 19, 2026** | Bid Deadline |
| **May 22, 2026** | Determination of Qualified Bids |
| **May 25-27, 2026 via Crexi auction platform** | Auction |
| **May 28, 2026** | Deadline to File Post-Auction Objections |
| **June 4, 2026** | Deadline for Debtor to File Reply to Sale Objections and Post-Auction Objections |
| **June 9, 2026** | Sale Hearing |

## III. Determination by the Debtor

As appropriate throughout the Bidding Process, the Debtor shall (a) coordinate the efforts of Potential Bidders in conducting their respective due diligence, (b) evaluate bids from Potential Bidders on the Properties, (c) negotiate any bid made to acquire the Properties or any portion thereof, and (d) make such other determinations as are provided in these Bidding Procedures (collectively, the "***Bidding Process***").

## IV.    Due Diligence

Up to and including to the Bid Deadline (such period, the "***Diligence Period***"), the Debtor shall afford any Potential Bidder such available due diligence access or additional information as may be reasonably requested by the Potential Bidder that the Debtor, in its business judgment, determines to be reasonable and appropriate under the circumstances. All reasonable requests for additional information and due diligence access from such Potential Bidders shall be directed to Holland & Knight LLP, legal counsel to the Debtor. Each Potential Bidder shall be required to acknowledge that it has had an opportunity to conduct all of its due diligence regarding the Properties in conjunction with submitting its Bid (as defined below). Notwithstanding anything in the foregoing to the contrary, the Debtor reserves the right, in its reasonable discretion, to withhold or limit access to any information that the Debtor determines to be commercially sensitive or otherwise not appropriate to disclose to any Potential Bidder.

Each Potential Bidder shall comply with all reasonable requests for information and due diligence access by the Debtor or its advisors regarding the ability of each Potential Bidder to consummate a sale transaction. Failure by a Potential Bidder to comply with reasonable requests for additional information and due diligence access may be a basis for the Debtor to determine that a bid made by such Potential Bidder is not a Qualified Bid.

## V.    Bid Deadline

A Potential Bidder that desires to make a Bid on any of the Properties shall deliver copies of its Bid, in Microsoft Word format, by email to proposed counsel to the Debtor by no later than **May 19, 2026 at 5:00 p.m. (prevailing Central Time)** (the "***Bid Deadline***").

## VI.    Bid Requirements

All bids (each hereinafter, a "***Bid***") with respect to the Sale of the Properties, must (collectively, the "***Bid Requirements***") be accompanied by a letter or email:

(a)    disclosing the identity of the person or entity submitting the Bid, as well as any party participating in or otherwise supporting the Bid, and the terms of any such participation or support (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed transaction contemplated by the Bid);

(b)    stating with specificity the Property(ies) such Potential Bidder wishes to bid on and the liabilities and obligations to be assumed by the Potential Bidder;

(c)    accompanied by a duly executed purchase agreement (the "***Purchase Agreement***");

(d)    agreeing that the Potential Bidder's offer is binding and irrevocable until the later of (x) the Closing Date, or (y) twenty (20) days after the Sale Hearing (unless selected as the Next-Highest Bidder (as defined below) in which case such offer will remain open and binding on the Next-Highest Bidder until the Closing Date);

3

(e)   providing for a Closing Date that is consistent with the schedule contemplated herein;

(f)   providing that such Bid is not subject to any due diligence or financing contingency;

(g)   including evidence, in form and substance reasonably satisfactory to the Debtor, of authorization and approval from the Qualified Bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery, and closing of the transactions contemplated by the Purchase Agreement;

(h)   including an acknowledgement and representation that the Qualified Bidder: (i) has had an opportunity to conduct any and all required due diligence regarding the Properties prior to making its offer; (ii) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or the Properties in making its bid; (iii) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express or implied (by operation of law or otherwise), regarding the Properties or the completeness of any information provided in connection therewith or the Auction, except as expressly stated in the Purchase Agreement; and (iv) is not entitled to any expense reimbursement or break-up fee in connection with its bid unless expressly agreed to the contrary by Debtor prior to the Bid Deadline;

(i)   providing an affirmative statement that: (i) the Qualified Bidder submitting such Bid has acted in good faith consistent with section 363(m) Bankruptcy Code and not in any manner prohibited by section 363(n) of the Bankruptcy Code; (ii) the Qualified Bidder submitting such Bid has and will continue to comply with the Bidding Procedures; and (iii) the Qualified Bidder submitting such Bid waives any substantial contribution (administrative expense) claims under section 503(b) of the Bankruptcy Code related to the bidding for the Debtor's assets or otherwise participating in the Auction;

(j)   providing that the Potential Bidder agrees to serve as a backup bidder (the "***Next-Highest Bidder***") if the Potential Bidder's Qualified Bid is the next highest and otherwise best bid after the Successful Bid (the "***Next-Highest Bid***") with respect to the relevant Properties that are the subject of such Bid and further on the condition that any such Successful Bid is for all of the same assets as the Next Highest Bid;

(k)   offering to pay an amount that the Debtor determines constitutes a fair and adequate price, the acceptance of which would be in the best interests of the estate;

(l)   providing adequate assurance of future performance information (the "***Adequate Assurance Information***"), and all such information subject to appropriate confidentiality, including (i) information about the Potential Bidder's financial condition, such as federal tax returns for two years, a current financial statement, or bank account statements, (ii) information demonstrating (in the Debtor's reasonable business judgment) that the Potential Bidder has the financial capacity

4

to consummate the proposed Sale, (iii) evidence that the Potential Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid, (iv) the identity and exact name of the Potential Bidder (including any equity holder or other financial backer if the Potential Bidder is an entity formed for the purpose of consummating the proposed Sale), and (v) such additional information regarding the Potential Bidder as the Potential Bidder may elect to include. By submitting a Bid, Potential Bidders agree that the Debtor may disseminate their Adequate Assurance Information to affected counterparties in the event that the Debtor determines such bid to be a Qualified Bid; and

(m)     be accompanied by (i) a deposit in cash in the form of a certified check or wire transfer, payable to the order of the Debtor, in the amount of ten percent (10%) of the Bid, which funds will be deposited into an interest bearing escrow account to be identified and established by the Debtor (a "***Good Faith Deposit***") and (ii) written evidence, documented to the Debtor's satisfaction, that demonstrates the Potential Bidder has available cash, a commitment for financing if selected as the Successful Bidder with respect to the relevant Properties and such other evidence of ability to consummate the transaction(s) as the Debtor may request, including proof that such funding commitments or other financing are not subject to any internal approvals, syndication requirements, diligence or credit committee approvals (provided that such commitments may have covenants and conditions acceptable to the Debtor).

The Debtor, in consultation with the Board of Hiawatha West, will review each Bid received from a Potential Bidder to determine whether it meets the requirements set forth above. A Bid received from a Potential Bidder that meets the above requirements, and is otherwise satisfactory to the Debtor, will be considered a "***Qualified Bid***" and each Potential Bidder that submits a Qualified Bid will be considered a "***Qualified Bidder***."

A Qualified Bid will be valued by the Debtor based upon any and all factors that the Debtor reasonably deems pertinent in the Debtor's reasonable business judgment, including, among others, (a) the amount of the Qualified Bid, (b) the risks and timing associated with consummating the transaction(s) with the Qualified Bidder, (c) any excluded assets or executory contracts and leases, and (d) any other factors that the Debtor may reasonably deem relevant.

The Debtor, in its business judgment reserves the right to reject any Bid if such Bid, among other things:

(n)     requires any indemnification of the Potential Bidder in its Purchase Agreement;

(o)     is not received by the Bid Deadline;

(p)     is subject to any contingencies (including representations, warranties, covenants and timing requirements) of any kind or any other conditions precedent to such party's obligation to acquire the relevant Properties;

(q)     seeks any bid protections; or

5

(r)     does not, in the Debtor's determination, include a fair and adequate price or the acceptance of which would not be in the best interests of the Debtor's estate.

Any Bid rejected pursuant to this paragraph shall not be deemed to be a Qualified Bid. If any Bid is so rejected, the Debtor shall cause the Good Faith Deposit of such Potential Bidder to be refunded to it within five (5) business days after the Bid Deadline.

## VII.     **Aggregate Bids**

The Debtor may aggregate separate bids from unaffiliated persons to create one "Qualified Bid," including at the Auction, with respect to bids for separate portions of the Properties, to determine the highest and otherwise best Qualified Bid(s); provided that all Qualified Bidders shall remain subject to the provisions of 11 U.S.C. § 363(n) regarding collusive bidding. The aggregation of bids will not be determinative of any allocation of the overall purchase price to the Properties that are sold.

## VIII.    **Credit Bid**

Any bidder (or any designee thereof) holding a perfected security interest in any of the Properties may seek to credit bid all, or a portion of, such bidder's claims for its respective collateral in accordance with section 363(k) of the Bankruptcy Code (each such bid, a "*Credit Bid*"); provided, that, except as otherwise provided in the Bidding Procedures or the Bidding Procedures Order, such Credit Bid complies with the terms of the Bidding Procedures, including payment of any administrative costs of the Sale(s) in cash.

## IX.     **Auction Procedures**

Auction Time and Location. If the Debtor receives more than one Qualified Bid for the Properties, the Debtor will conduct an auction for the relevant Properties (the "*Auction*") between **May 25, 2026, and May 27, 2026, (prevailing Central Time)** utilizing Crexi's auction platform (or such later time or by such other method(s) as the Debtor shall designate and notify to all Qualified Bidders who have submitted Qualified Bids) for consideration of the Qualified Bids, each as may be increased at the Auction.

If the Debtor only receives one Qualified Bid for the Properties that are the subject of the Auction, then: (a) the Debtor shall not be required to hold an Auction with respect to the relevant Properties; (b) the sole Qualified Bid may be deemed the Successful Bid with respect to the relevant Properties; and (c) that Qualified Bidder may be named the Successful Bidder with respect to the relevant Properties.

Participants and Attendees. Unless otherwise ordered by the Bankruptcy Court for cause shown, only the Qualified Bidders are eligible to participate at the Auction. At least one (1) day prior to the Auction, each Qualified Bidder must inform the Debtor in writing whether it intends to participate in the Auction. Professionals and principals for the Debtor, Hiawatha Manor West, and each Qualified Bidder shall be able to attend and observe the Auction, along with any other party the Debtor deems appropriate.

Each Qualified Bidder participating in the Auction will be required to confirm in writing and on the record at the Auction that (i) it has not engaged in any collusion with respect to the Auction or the submission of any bid for any of the Properties and (ii) its Qualified Bid that gained the Qualified Bidder admission to participate in the Auction and each Qualified Bid submitted by the Qualified Bidder at the Auction is a binding, good-faith and *bona fide* offer to purchase the Properties identified in such bids.

Auction Packages. Prior to the commencement of the Auction, respectively, the Debtor will make a determination regarding the Properties for which the Debtor will conduct an Auction (each such asset or group of assets, an "***Auction Package***").

Starting Bids. Prior to the commencement of the Auction, the Debtor will determine, in its business judgment, the highest and otherwise best Qualified Bid submitted for each Auction Package (each such Qualified Bid, a "***Starting Bid***"), which determination will be communicated to Qualified Bidders prior to the commencement of the Auction. Bidding for each Auction Package at the Auction shall commence at the amount of the applicable Starting Bid.

Incremental Overbids. Bidding at the Auction for an Auction Package will begin with the Starting Bid and continue, in one or more rounds of bidding, so long as during each round at least one subsequent bid (a "***Subsequent Bid***") is submitted by a Qualified Bidder that (i) improves on such Qualified Bidder's immediately prior Qualified Bid and (ii) the Debtor determines that such Subsequent Bid is (A) for the first round, a higher and otherwise better offer than the Starting Bid, and (B) for subsequent rounds, a higher and otherwise better offer than the immediately prior Leading Bid (as defined below).

The Debtor will announce at the outset of the Auction the minimum required increments for Successive Bids (each, such bid, a "***Incremental Overbid***"). The Debtor may, in its discretion, announce increases or reductions to Incremental Overbids at any time during the Auction.

Upon a Qualified Bidder's declaration of a Bid at the Auction, the Qualified Bidder must state on the record its commitment to pay within two (2) business days following the Auction, if such bid were to be selected as the Successful Bid or as the Backup Bid for the applicable Auction Package, the incremental amount of the Qualified Bidder's Good Faith Deposit calculated based on the increased purchase price of such Bid (such Good Faith Deposit so increased, the "***Incremental Deposit Amount***") if applicable.

Except as specifically set forth herein, for the purpose of evaluating the value of the consideration provided by any Bid subsequent to a Starting Bid, the Debtor will, at each round of bidding, consider and/or give effect to (a) any additional liabilities to be assumed by a Qualified Bidder under the Bid, including whether such liabilities are secured or unsecured, and (b) any additional costs that may be imposed on the Debtor.

Leading Bid. After the first round of bidding and between each subsequent round of bidding, the Debtor will announce the Bid that it believes to be the highest and otherwise best offer for the applicable Auction Package (each such bid, a "***Leading Bid***") and describe the material terms thereof. Each round of bidding will conclude after each participating Qualified Bidder has had the opportunity to submit a Subsequent Bid with full knowledge of the material terms of the

Leading Bid, subject to the Debtor's authority to revise the Auction procedures to the extent permitted by the Bidding Procedures.

Evaluation of Bids. The Debtor, in consultation with the Board of Hiawatha Manor West, shall have the right to determine, in its business judgment, which Bid is the highest and otherwise best Bid with respect to an applicable Auction Package and may consider any and all relevant factors including (a) the amount and nature of the total consideration, (b) the likelihood of the Qualified Bidder's ability to close a transaction and the timing thereof, (c) the tax consequences of such Bid, (d) and any other considerations that may impact the Debtor's estate and its stakeholders. Further, in accordance with the terms of these Bidding Procedures, the Debtor may reject, at any time, without liability, any bid that the Debtor deems to be inadequate or insufficient, not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, these Bidding Procedures, any order of the Court, or the best interests of the Debtor and its estate.

Successful Bids and Next-Highest Bids. Immediately prior to the conclusion of each Auction, the Debtor will (a) determine, consistent with these Bidding Procedures, which Qualified Bid constitutes the highest and otherwise best Bid(s) for each Auction Package (each such Bid, a "**Successful Bid**") and Next-Highest Bid for each Auction Package and (b) notify all Qualified Bidders at the Auction of the identity of the bidder that submitted the Successful Bid for such Auction Package (each such bidder, a "**Successful Bidder**") and the amount of the purchase price and other material terms of the Successful Bid. As a condition to remaining the Successful Bidder, the Successful Bidder shall, within two (2) business days after the conclusion of the Auction, (i) if applicable, wire to the Debtor in immediately available funds the Incremental Deposit Amount, calculated based on the purchase price in the Successful Bid(s) and (ii) submit to the Debtor fully executed documentation memorializing the terms of the Successful Bid(s). Any Next-Highest Bidders shall also, within two (2) business days after the conclusion of the Auction, if applicable, wire to the Debtor in immediately available funds the Incremental Deposit Amount, calculated based on the purchase price in the Next-Highest Bid(s).

As soon as practicable following conclusion of each Auction, the Debtor shall file a notice on the Bankruptcy Court's docket identifying the Successful Bidder(s) for the applicable Properties and any applicable Next-Highest Bidder(s) with respect to such Auction. Notwithstanding the selections of the Successful Bidder(s) and the Next-Highest Bidder(s), all bids are **binding and irrevocable** until the later of (i) the Closing Date, or (ii) thirty (30) days after the Sale Hearing (unless selected as the Next-Highest Bidder, in which case such offer will remain open until the relevant Closing Date).

## X.     **Jurisdictional Content**

All bidders at the Auction will be deemed to have consented to the core jurisdiction of the Bankruptcy Court and waived any right to jury trial in connection with any disputes relating to the Auction, the Sales and all other agreements entered into in connection with any proposed Sale. Such consent and waiver shall apply to the extent that it is later determined that the Bankruptcy Court, absent consent, cannot enter final orders or judgments with regard to the foregoing matters consistent with Article III of the United States Constitution.

**XI.  Acceptances of Qualified Bids**

The Debtor's presentation to the Bankruptcy Court for approval of a selected Qualified Bid as a Successful Bid does not constitute the Debtor's acceptance of such Bid. The Debtor will have accepted a Successful Bid only when such Successful Bid has been approved by the Bankruptcy Court at the Sale Hearing. The Debtor intends to close the Sales on or before **June 12, 2026** unless another time or date, or both, are agreed to in writing by the Debtor and the Successful Bidder (each, a "***Closing Date***").

**XII.  Sale Hearing**

Each Successful Bid and any Next-Highest Bid will be subject to approval by the Bankruptcy Court. The hearing to approve a Successful Bid and any Next-Highest Bid shall take place on **June 9, 2026, at 9:30 a.m. (prevailing Central time)** (the "***Sale Hearing***"). The Sale Hearing may be adjourned by the Debtor from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice, which may be a hearing agenda stating the adjournment, on the docket of the Debtor's chapter 11 case.

At the Sale Hearing, the Debtor will seek entry of orders that, among other things: (i) authorize and approve the Sale(s) to the Successful Bidder(s) and/or the Next-Highest Bidder(s), (ii) includes a finding that the Successful Bidder(s) and/or the Next-Highest Bidder(s) is a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code, and (iii) as appropriate, exempts the Sale(s) and conveyances of the Properties from any transfer tax, stamp tax or similar tax, or deposit under any applicable bulk sales statute.

**XIII.  Return of Good Faith Deposit**

The Good Faith Deposits of all Potential Bidders shall be held in escrow by the Debtor but shall not become property of the Debtor's estate absent further order of the Bankruptcy Court. The Good Faith Deposits of all Potential Bidders shall be retained by the Debtor, notwithstanding Bankruptcy Court approval of the relevant Sale, until three (3) business days after the earlier of (a) the applicable Closing Date(s), or (b) ten (10) days following the Sale Hearing; provided, however, that the Good Faith Deposit of each Next-Highest Bidder shall be retained until three (3) business days after the applicable Closing Date. The Debtor shall retain any Good Faith Deposit submitted by each Successful Bidder. At the closing of a Sale contemplated by a Successful Bid, the applicable Successful Bidder will be entitled to a credit for the amount of its Good Faith Deposit to the extent such a deposit was provided.

If a Successful Bidder fails to consummate the Sale because of a breach or failure to perform on the part of such bidder, then as applicable (and as such agreements may be amended or modified at the Auction), the Debtor and its estate shall be entitled to retain the Good Faith Deposit of such Successful Bidder as part of the damages resulting to the Debtor and its estate for such breach or failure to perform.

## XIV.  Reservation of Rights and Modifications

Notwithstanding any of the foregoing, the Debtor and its estate, in the exercise of its fiduciary obligations, reserve the right to modify these Bidding Procedures or impose, at or prior to the Auction, additional customary terms and conditions on the sale of the Properties in any manner, or the order approving these Bidding Procedures and that will best promote the goals of the bidding process, including, without limitation, to extend the deadlines set forth herein, modify bidding increments, waive terms and conditions set forth herein with respect to any or all Potential Bidders (including, without limitation, the Bid Requirements), impose additional terms and conditions with respect to any or all potential bidders, adjourn, postpone, close, re-open following closure, or cancel the Auction at or prior to the Auction, and adjourn or reschedule the Sale Hearing.

## XV.  Next-Highest Bidder

Notwithstanding any of the foregoing, in the event that a Successful Bidder fails to close a Sale prior to such date as specified in the applicable Purchase Agreement or Sale Order (or such date as may be extended by the Debtor), the Debtor, in consultation with the Board of Hiawatha Manor West, upon written notice to the Next-Highest Bidder, may designate the applicable Next-Highest Bid as the Successful Bid for the applicable Property or Properties, the Next-Highest Bidder will be deemed to be the Successful Bidder for such Property or Properties, and the Debtor will be authorized, but not directed, to close the Sale to the Next-Highest Bidder subject to the terms of the Next-Highest Bid without the need for further order of the Bankruptcy Court and without the need for further notice to any interested parties.

*[The remainder of this page is intentionally left blank]*

10

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha manor Association, Inc. | Case No. 25-01916 |
| Debtor. | **Sale Objection Deadline:**<br>**March 9, 2026 at 4:00 p.m. (CT)** |
| | **Sale Hearing Date:**<br>**June 9, 2026 at 9:30 a.m. (CT)** |

## NOTICE OF MOTIONS FOR: (I) SUMMARY JUDGMENT;
## AND (II) SALES, BIDDING PROCEDURES, AUCTION, AND SALE HEARING

1.       On May 6, 2025, Hiawatha Manor Association, Inc. (the "***Debtor***") filed with the United States Bankruptcy Court for the Middle District of Tennessee (the "***Bankruptcy Court***") the: (a) *Complaint to Sell Estate's Interest and Co-Owners' Interests in Real Property Pursuant to 11 U.S.C. § 363(h) (Hiawatha East)*, commencing adversary proceeding number 2:25-ap-90051 (the "***Hiawatha East Adversary Proceeding***"); and (b) *Complaint to Sell Estate's Interest and Co-Owners' Interest in Real Property Pursuant to 11 U.S.C. § 363(h) (Hiawatha West)*, commencing adversary proceeding number 2:25-ap-90052 (the "***Hiawatha West Adversary Proceeding***").

2.       On November 19, 2025, the Debtor filed with the Bankruptcy Court a motion (the "***Sale Motion***") for the entry of: (a) an order (the "***Bidding Procedures Order***"),[1] (i) authorizing and approving bidding procedures (the "***Bidding Procedures***") in connection with the sales or dispositions (the "***Sales***" and each a "***Sale***") of the Properties (the "***Properties***"), or any portion of the Properties, (ii) scheduling the auction (the "***Auction***") for and a hearing to approve the Sales, (iii) authorizing and approving the form and manner of notice of the respective date, time, and place for the Auction and a hearing to approve the Sales, (iv) approving procedures for the assumption and assignment of certain executory contracts and unexpired leases, (v) approving the form and manner of notice of the assumption and assignment of certain executory contracts and unexpired leases, and (vi) granting related relief; and (b) orders (the "***Sale Orders***") authorizing and approving (i) the sales of the Properties free and clear of all claims, liens, liabilities, rights, interests, and encumbrances (except certain permitted encumbrances and/or assumed liabilities as provided in the applicable purchase agreements), (ii) the Debtor to assume and assign certain executory contracts and unexpired leases, and (iii) related relief.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Bidding Procedures Order (including the Bidding Procedures). Any summary of the Bidding Procedures and the Bidding Procedures Order contained herein is qualified in its entirety by the actual terms and conditions thereof. To the extent that there is any conflict between any such summary and such actual terms and conditions, the actual terms and conditions shall control.

3. On January 19, 2026, the Debtor filed with the Bankruptcy Court: (a) in the Hiawatha East Adversary Proceeding, a motion seeking entry of summary judgment, permitting the Debtor to sell its interests along with the interests of co-owners in the Hiawatha East Property, pursuant to section 363(h) of the Bankruptcy Code and further order(s) of this Court; and (b) in the Hiawatha West Adversary Proceeding, a motion seeking entry of summary judgment, permitting the Debtor to sell its interests along with the interests of co-owners in the Hiawatha West Property, pursuant to section 363(h) of the Bankruptcy Code and further order(s) of this Court.

4. Following a hearing on January 20, 2026, the Bankruptcy Court entered a scheduling order in each of the Hiawatha East Adversary Proceeding and Hiawatha West Adversary Proceeding and the Bidding Procedures Order in the above-captioned bankruptcy case.

5. Pursuant to the Bidding Procedures, a Potential Bidder that desires to make a bid on the Properties shall deliver an electronic copy of its bid to the parties identified in the Bidding Procedures so as to be received on or before **May 19, 2026 at 5:00 p.m. (prevailing Central time)** **(the "*Bid Deadline*") and otherwise comply with the Bidding Procedures. FAILURE TO ABIDE BY THE BIDDING PROCEDURES MAY RESULT IN A BID TO BE REJECTED. ANY PARTY INTERESTED IN BIDDING ON THE PROPERTIES SHOULD CONTACT DEBTOR'S LEGAL COUNSEL, HOLLAND & KNIGHT LLP (ATTN: BLAKE ROTH, (615) 244-6380, BLAKE.ROTH@HKLAW.COM).**

6. Pursuant to the Bidding Procedures, if the Debtor receives more than one Qualified Bid for certain of the Properties, the Debtor will conduct an auction for the relevant Properties (the "*Auction*") between **May 25, 2026 and May 27, 2026** utilizing Crexi's auction platform (or at such later time or such other place as the Debtor shall designate and notify to all Qualified Bidders who have submitted Qualified Bids) for consideration of the Qualified Bids, each as may be increased at the Auction.

7. Only the Qualified Bidders are eligible to participate at the Auction.

8. If the Debtor only receives one Qualified Bid for the Properties that are the subject of the Auction, then (a) the Debtor may not hold an Auction with respect to the relevant Properties; (b) the sole Qualified Bid may be deemed the Successful Bid with respect to the relevant Properties; and (c) that Qualified Bidder may be named the Successful Bidder with respect to the relevant Properties.

9. Each Successful Bid and any Next-Highest Bid will be subject to approval by the Bankruptcy Court. The hearing to approve a Successful Bid and any Next-Highest Bid shall take place on **June 9, 2026 at 9:30 a.m. (prevailing Central time)** (the "*Sale Hearing*"). The Sale Hearing may be adjourned by the Debtor from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing or by filing a notice, which may be a hearing agenda stating the adjournment, on the docket of the Debtor's chapter 11 case.

2

10. Any objections to the Sales or the relief requested in connection with the Sales, including objections to the relief sought by the motions for summary judgment in the Hiawatha East Adversary Proceeding and Hiawatha West Adversary Proceeding or entry of any proposed Sale Orders (a "**Sale Objection**"), other than a Post-Auction Objection (as defined below) or a Cure Cost/Assignment Objection (which shall be governed by the Assignment Procedures) must: (i) be in writing; (ii) signed by counsel or attested to by the objecting party; (iii) be in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (v) be filed with the Bankruptcy Court and properly served on the Notice Parties so as to be received no later than **March 9, 2026 at 4:00 p.m. (prevailing Central time)** (the "**Sale Objection Deadline**"). The "**Notice Parties**" are as follows: (a) proposed counsel to the Debtor, Holland & Knight LLP, 511 Union Street, Suite 2700, Nashville, Tennessee 37219 (Attn: Blake D. Roth, blake.roth@hklaw.com); and (b) the Office of the United States Trustee for the Middle District of Tennessee.

11. Any objections solely with respect to conduct at the Auction (if held) (a "**Post-Auction Objection**") must: (i) be in writing; (ii) signed by counsel or attested to by the objecting party; (iii) be in conformity with the applicable provisions of the Bankruptcy Rules and the Local Rules; (iv) state with particularity the legal and factual basis for the objection and the specific grounds therefor; (v) be filed with the Bankruptcy Court and properly served on the Notice Parties so as to be received no later than **May 28, 2026 at 4:00 p.m. (prevailing Central time)** (the "**Post-Auction Objection Deadline**").

| | | |
|---|---|---|
| DATED: | January 21, 2026<br>Nashville, Tennessee | Respectfully submitted,<br><br>**HOLLAND & KNIGHT LLP**<br><br><br>/s/ Blake D. Roth_____<br>Blake D. Roth (Federal ID No. 2666808)<br>C. Scott Kunde (TN Bar No. 040218)<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>Telephone: (615) 244-6380<br>Facsimile: (615) 244-6804<br>Email: Blake.Roth@hklaw.com<br>   Scott.Kunde@hklaw.com<br><br>*Counsel for the Debtor and Debtor in Possession* |