IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Hiawatha Manor Association, Inc. | Case No. 25-01916 |
| Debtor. | Hon. Randal S. Mashburn |

**DEBTOR'S SECOND MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE**

The above-captioned debtor and debtor-in-possession (the "***Debtor***") hereby files this motion (the "***Motion***"), pursuant to section 1121(d) of title 11 of the United States Code (the "***Bankruptcy Code***") and Rule 9006 of the Federal Rules of Bankruptcy Procedure (the "***Bankruptcy Rules***"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***") extending the Debtor's Exclusivity Periods (as defined below) to file a chapter 11 plan and to solicit acceptances of such plan for a period of 180 days up to and including November 6, 2026 and January 6, 2027, respectively. In support of this Motion, the Debtor respectfully represents:

**I. PRELIMINARY STATEMENT**

1. On May 6, 2025 (the "***Petition Date***"), the Debtor initiated the above-captioned chapter 11 case in the United States Bankruptcy Court for the Middle District of Tennessee (the "***Court***").

2. On the Petition Date, the Debtor also filed two complaints commencing adversary proceedings (Adv. Pro. No. 2:25-ap-90051 and Adv. Pro. No. 2:25-ap-90052) (the "***Adversary Proceedings***").

3. Consistent with the stated purposes of this chapter 11 bankruptcy proceeding, pursuant to the 363(h) Proceedings and the Adversary Proceedings, the Debtor seeks authority pursuant to section 363(h) of the Bankruptcy Code to sell its interests along with the interests of non-debtor persons in two timeshare properties known as Hiawatha East and Hiawatha West (the "***Sale Process***").

4. Detailed information addressing the Debtor's business, its finances and the circumstances leading to the filing of this Chapter 11 Case is contained in the *Debtor's Motion for Entry of an Order Authorizing the Maintenance and Continued Use of Existing Bank Accounts and Declaration of Archie Dolby in Support of Debtor's Motion for an Entry of an Order Authorizing the Maintenance and Continued Use of Existing Bank Accounts* (Dkt. No. 9) (the "***Cash Management Motion***"), which is fully incorporated here by reference.

5. The Debtor continues to operate its business as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No trustee, examiner or official committee has been appointed in this Chapter 11 Case.

7. Since the Petition Date, the Debtor has been working through various issues, including but not limited to, service upon more than 4,500 individuals in the Adversary Proceedings, employment of a real estate broker and auctioneer, and discovery and document production related concerns.

8. On November 19, 2025, the Debtor filed *Debtor's Motion Pursuant to 11 U.S.C. § § 105(a), 363, and 265 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004 for an Order (I) Approving Bidding Procedures, (II) Scheduling an Auction for and a Hearing to Approve the Sale of the Properties, (III) Approving Notice of Respective Date, Time and Place for the Auction*

*and for a Hearing to Approve the Sales, (IV) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (V) Approving the Assumption and Assignment of Certain executory Contracts, and (VI) Granting Related Relief* (Dkt. No. 110) (the "**Sale Motion**").

9. The Court entered its *Order (I) Approving Bidding Procedures, (II) Scheduling an Auction for and a Hearing to Approve the Sale of the Properties, (III) Approving Notice of Respective Date, Time and Place for the Auction and for a Hearing to Approve the Sales, (IV) Authorizing the Sale of Certain Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (V) Approving the Assumption and Assignment of Certain executory Contracts, and (VI) Granting Related Relief* (Dkt. No. 115) (the "**Sale Process Order**"), which the Debtor caused to be served on all parties in interest to this Chapter 11 Case and the Adversary Proceedings.

10. The Sale Process is ongoing and, in accordance with the Sale Process Order, is currently set to culminate in a sale Hearing on June 9, 2026.

11. Accordingly, the Debtor seeks to extend the exclusivity periods, permitting the Debtor to conclude the Sale Process and prepare and confirm a chapter 11 plan.

## II. JURISDICTION AND VENUE

12. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157 (b). Venue of these proceedings is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested is sought pursuant to 11 U.S.C. § 1121 (d).

## III. RELIEF REQUESTED

13. Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan (the "***Exclusive Filing Period***").

14. Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within the 120-day Exclusive Filing Period, it has an exclusive period of 180 days after the commencement of the chapter 11 case to obtain acceptances of its plan (the "*Exclusive Solicitation Period*" and, together with the Exclusive Filing Period, the "*Exclusivity Periods*").

15. The Debtor's Exclusive Filing Period is currently set to expire on March 2, 2026, and its Exclusive Solicitation Period is currently set to expire on May 1, 2026.

16. By this Motion, the Debtor requests an extension of the Exclusivity Periods pursuant to section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006(b)(1) without prejudice to the Debtor's right to seek additional extensions of such periods.

17. Specifically, the Debtor seeks to extend the Exclusive Filing Period through and including November 6, 2026, and the Exclusive Solicitation Period through and including January 6, 2027 (collectively, the "*Extension*").

18. The Debtor requests the Extension to ensure that it has an opportunity to conduct a robust Sale Process, and confirm and consummate a plan before the Exclusivity Periods expire.

## IV. BASIS FOR THE RELIEF REQUESTED

19. The foremost goal of chapter 11 is to reorganize troubled businesses in a manner that, among other things, increases the pool of assets available for distribution to stakeholders. *See, e.g., NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 527 (1984). To that end, Congress codified a number of interwoven provisions that reflect the ultimate goal of rehabilitation through a considered and consensual chapter 11 plan, including a debtor's exclusive right to a fair amount of time in which only it may propose a plan. *See In re Perkins*, 71 B.R. 294, 297 (W.D. Tenn. 1987) (explaining that extensions of exclusivity periods further the purpose of chapter 11 by providing more time to negotiate a consensual plan "which would inure to the benefit of all."). At

times, it is only by extended exclusivity that a debtor can bring all parties to the bargaining table in hopes of striking a balanced and successful plan.

> A. **The Court May Extend the Exclusivity Periods For "Cause."**

20. Pursuant to Bankruptcy Code section 1121(d) and upon a party's timely request, the Court may extend the Exclusivity Periods "for cause." *See* 11 U.S.C. § 1121(d).

21. Although the statute does not define the precise circumstances constituting "cause," the legislative history of section 1121(d) does make clear that the initial 120-day period established by section 1121(b) merely represents a starting point from which the Court is free to extend more time. *See* H.R. Rep. No. 95-595, at 231, 232 (1978) (noting that Congress intended to give bankruptcy courts flexibility to protect debtors' interests by allowing an opportunity to negotiate settlements of debtors without interference from other parties in interest); *In re Timbers of Inwood Forest Assoc., Ltd.*, 808 F.2d 363, 372 (5th Cir. 1987) ("Any bankruptcy court involved in an assessment of whether 'cause' exists should be mindful of the legislative goal behind § 1121.").

22. A decision to extend the Exclusivity Periods is committed to the sound discretion of the bankruptcy court and should be based upon the unique facts and circumstances of each particular case. *See e.g., In re Mirant Corp.*, Case No. 04-CV-476-A, 2004 WL 2250986, at * 2-3 (N.D. Tex. Sept. 30, 2004) ("The bankruptcy court must balance the potential harm to creditors and limit the delay that makes creditors hostages of Chapter 11 debtors.") (citations omitted); *In re Borders Group, Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *In re Friedman's, Inc.*, 336 B.R. 884, 888 (Bankr. S.D. Ga. 2005) (identifying the factors used by courts to determine whether

cause exists to extend exclusivity); *In re Hoffinger Indus., Inc.*, 292 B.R. 639, 643-44 (B.A.P. 8th Cir. 2003) (same); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (same).

23. In analyzing the meaning of "cause," courts usually consider the following nine factors:

> (i) the size and complexity of the case;
>
> (ii) the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
>
> (iii) the existence of good[-]faith progress toward reorganization;
>
> (iv) the fact that the debtor is paying its bills as they become due;
>
> (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan;
>
> (vi) whether the debtor has made progress in negotiations with its creditors;
>
> (vii) the amount of time which has elapsed in the case;
>
> (viii) whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and
>
> (ix) whether an unresolved contingency exists.

*See, e.g.*, *Adelphia Commc'ns*, 352 B.R. at 587; *see also In re Serv. Merch. Co., Inc.*, 256 B.R. 744, 748 (Bankr. M.D. Tenn. 2000) (same); *Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (citing *In re Washington-St. Tammany Electric Co-op*, 97 B.R. 852, 853 (E.D. La. 1989)); *see also In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997); *Official Comm. of Unsecured Creditors v. Henry Mayo Newhall Mem'l Hosp. (In re Henry Mayo Newhall Mem'l Hosp.)*, 282 B.R. 444, 452 (B.A.P. 9th Cir. 2002) (noting how the *Dow Corning/Adelphia* factors "are standardly considered" in the "cause" analysis).

24. A debtor does not need to show any number of the nine factors above to show "cause." *Express One Int'l, Inc.*, 194 B.R. at 100.

25. Instead, courts examine all the factors together in the context of a particular case. *See id.; see also In re Texas Extrusion Corp.*, 844 F.2d 1142, 1160 (5th Cir. 1988) (discussing "cause" as it relates to § 1121(d) and the reduction of a debtor's exclusivity time period); *In re Amko Plastics, Inc.*, 197 B.R. 74, 76-77 (Bankr. S.D. Ohio 1996) (notwithstanding that the case was not large and complex, court still granted a five-month exclusivity extension because debtor exhibited substantial turn-around efforts).

26. Consideration of an exclusivity motion should also involve "a broader, more global view – focused on what is best for these chapter 11 cases; most in keeping with the letter and spirit of chapter 11; and what is most appropriate under the unique facts" of the case before the court. *In re Adelphia Commc'ns Corp.*, 352 B.R. at 582.

**B.     "Cause" Exists to Extend the Exclusivity Periods in These Chapter 11 Cases.**

27. Cause exists to grant the relief requested exists for a number of compelling reasons.

28. First, the Debtor continues to work toward a successful sale of Hiawatha East and Hiawatha West, so the Debtor may propose and confirm a plan and conclude this case.

29. Unfortunately, due to a variety of factors, the Sale Process contemplated for this type of chapter 11 case necessarily takes time because of unique factors relating to the ownership structures and obtaining adequate notice to all parties in interest.

30. Nevertheless, the Sale Process is foundational to the proposal of any successful plan in this chapter 11 case.

31. Second, the Debtor's purpose in seeking extension of the Exclusivity Periods is a good-faith effort to avoid unnecessarily kicking off a plan process prematurely and unnecessarily incurring the added administrative costs that would coincide with such plan process.

32. Further, commencing the plan process ahead of the Sale Process would put the proverbial cart before the horse, serving only to distract from the successful pursuit of the Sale Process.

33. Third, given consideration to each of the foregoing, the Debtor submits that the Extension of the Exclusivity Periods will ultimately serve as a benefit for stakeholders as a whole.

34. Finally, because the Debtor is generally paying its debts as they come due post-petition (and anticipates continuing to do so going forward), the relief requested does not result in prejudice to any creditor or party in interest.

35. Based upon the foregoing, the Debtor submits that "cause" exists to grant the Extension.

## V. NOTICE

36. Notice of this Motion will be provided to the U.S. Trustee and all parties entitled to notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

## VI. NO PRIOR REQUEST

37. No previous request for relief sought herein has been made to this Court or any other court.

WHEREFORE, the Debtor respectfully request that the Court enter an order (a) granting the relief requested herein and (b) awarding the Debtor such other and further relief that this Court deems to be just and proper.

Dated: February 23, 2026          Respectfully Submitted,

           /s/ Blake D. Roth
Blake D. Roth (TN BPR No. 031499)
C. Scott Kunde (TN BPR No. 040218)
**Holland & Knight LLP**

511 Union Street, Ste. 2700
Nashville, TN 37219
Telephone: 615.244.6380
Facsimile: 615.244.6804
Email: blake.roth@hklaw.com
scott.kunde@hklaw.com

*Attorneys for the Debtor and Debtor in Possession*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 23, 2026, a copy of the foregoing was sent via ECF to the U.S. Trustee and all parties registered to receive electronic notice.

      */s/ Blake D. Roth*
Blake D. Roth (TN Bar No. 031499)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@hklaw.com
          Scott.Kunde@hklaw.com

*Counsel for the Debtor and Debtor in Possession*

# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re:<br><br>Hiawatha Manor Association, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 25-01916<br><br>Hon. Randal S. Mashburn |

**ORDER GRANTING DEBTOR'S SECOND MOTION FOR AN ORDER EXTENDING ITS EXCLUSIVE PERIODS TO FILE CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THERETO PURSUANT TO SECTION 1121(d) OF THE <u>BANKRUPTCY CODE</u>**

Upon consideration of the *Debtor's Second Motion For An Order Extending Its Exclusive Periods To File A Chapter 11 Plan And Solicit Acceptances Thereto Pursuant To Section 1121(D) Of The Bankruptcy Code* (the "***Motion***");[1] and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. § 1334, and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that the relief requested in the Motion is in the best interests of the Debtor and its estate; and it appearing that due and sufficient notice of the Motion

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

has been provided by the Debtor and that no other or further notice is required; and after due deliberation and good cause appearing therefor, it is **HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth in this order.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtor's Exclusivity Filing Period is extended to and including November 6, 2026.

3. The Exclusivity Solicitation Period is hereby extended to and including January 6, 2027.

4. The Extension granted by this order is without prejudice to such further requests that may be made pursuant to section 1121(d) of the Bankruptcy Code by the Debtor, or any party-in-interest, for cause shown, upon notice and a hearing.

5. The Court expressly retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

APPROVED FOR ENTRY:

**HOLLAND & KNIGHT LLP**

*/s/ Blake D. Roth*
Blake D. Roth (TN Bar No. 031499)
C. Scott Kunde (TN Bar No. 040218)
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
Email: Blake.Roth@hklaw.com
       Scott.Kunde@hklaw.com

*Attorneys for the Debtor and Debtor in Possession*